Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

JHON LORg MIDDLE ___ District of _PA_

LUIS MEDINA

CRAIG ALERD; JUSTINE

COOTE; CHRISTOPHER J. KLEMENT;

MIGUEL EDUARDO ROSARIO;

HOWARD WOLFE; DAMA'on WEBSTER )

_____

**FILED**
**SCRANTON**

SEP 3 9 2020

PER _____

**DEPUTY CLERK**

(to be filled in by the Clerk's Office)

Case No.

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

LEH BAYLOR; GARRY HADLE;

Sct. ARMOND, et al...

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

* CLASS ACTION...

* JURY TRIAL DEMAND...

CLASS ACTION

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                    CRAIG ALFORD; JUSTINE ROPE; CHRISTOPHER
All other names by which                J. KLEMENT; MIGUEL ROSARIO; HOWARD WATE;
you have been known:                    DAMA'ON WEBSTER; LUIS MESINA...
ID Number
Current Institution                     MONROE COUNTY CORRECTIONAL FACILITY
Address                                 4250 MANOR DRIVE
                                        STRAUDSBURG        PA        18360
                                        _____City_____  __State__  __Zip Code__

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
       Name                             GARRY HAIDLE
       Job or Title *(if known)*        WARDON
       Shield Number                    N/A
       Employer                         MONROE COUNTY CORRECTIONAL FACILITY
       Address                          4250 MANOR DRIVE
                                        STRAUDSBURG        PA        18360
                                        _____City_____  __State__  __Zip Code__
                                        ☑ Individual capacity   ☑ Official capacity

Defendant No. 2
       Name                             MR. ARMOND
       Job or Title *(if known)*        SGT.
       Shield Number                    N/A
       Employer                         MONROE COUNTY CORRECTIONAL FACILITY
       Address                          4250 MANOR DRIVE
                                        STRAUDSBURG        PA        18360
                                        _____City_____  __State__  __Zip Code__
                                        ☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name — LEA BAYLOR

Job or Title *(if known)* — DIRECTOR

Shield Number — N/A

Employer — M.C.C.F.

Address — 4250 MANOR DRIVE

STROUDSBURG                PA        18360
     City          State        Zip Code

[✓] Individual capacity   [ ] Official capacity

Defendant No. 4

Name — GEORGE WARDON

Job or Title *(if known)* — CLERK

Shield Number — N/A

Employer — MONROE county COURTHOUSE

Address — 610 MONROE ST.

STROUDSBURG                PA        18360
     City          State        Zip Code

[ ] Individual capacity   [✓] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

THESE OFFICIALS ACTED UNDER COLOR OF STATE LAW HOUSE THAT DELIBERATE NDIFFERENCE RESULTING IN EXCESSIVE CONFINEMENT OF A LIBERTY INTEREST IN BEING RELEASED ON TIME STATING DUE PROCESS, AND EIGHTH AMENDMENT CLAIMS; FALSE IMPRISONMENT CLAIMS DEPRIVATION OF CONSTITUTIONAL LIBERTY; STATUTORY RIGHTS VIOLATED (→)

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

PA.R.cRIM.P.
§600 BU)
(D)(1)(2),
PA-R.cRim.P
§571

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

LEA BAYLOR; GARRIE HAIDLE; SGT. ARMOND; GEORGE WARDEN   HAS DEPRIVED
PLAINTIFF'S OF OUR RIGHTS AND IMMORALITIES SECURED BY THE CONSTITUTION
AND LAWS ARE LIABLE TO THE INJURED PARTY IN A ACTION AT LAW AS WE
SEEK REDRESS FOR THIS "EXCESSIVE CONFINEMENT". ALL WHILE ACTING IN
THEIR INDIVIDUAL/OFFICIAL CAPACITIES WHILE EXERCISING HIS/HER RESPONSIBILITIES/
DUTY TO BE UNDER COLOR OF LAW, AND FAILED TO ACT
PURSUANT TO STATE LAW OR TO THE PERFORMANCE OF HIS
VIOLATING STATE STATUTES AS THE 8TH AND 14TH AMEND...

III.   **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

[✓]  Pretrial detainee — ALL ...

[ ]  Civilly committed detainee

[ ]  Immigration detainee

[ ]  Convicted and sentenced state prisoner

[ ]  Convicted and sentenced federal prisoner

[ ]  Other *(explain)*  _____

IV.   **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

THE EVENT GAVE RISE TO CLAIMS WITHIN THIS INSTITUTION HAPPENED
AT MONROE COUNTY CORRECTIONAL FACILITY AND MONROE COUNTY COURTHOUSE
ARRISING FOR MEDINA JUNE, 2019; ALFORD 7.9.20; 7.9.20 WEBSTER; ROSARIO MAY/20
LOPA 8.20; 8, 2019 KLEMENT; 9, 2019 WOLFE; COOTE 10, 2018 ( ALL WHILE
CONFINED AT M.C.C.F. — PRETRIAL INCARCERATION UNTIL THIS CURRENT
DATE...) WITH INFORMATION OR COMPLAINT FILED...

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

MEDINA TIME EXPIRED JUNE, 2019; ALFORD TIME EXPIRED 7.9.20; WEBSTER TIME EXPIRED 7.9.20; ROSARIO TIME EXPIRED MAY, 2020; LORA TIME EXPIRED 2, 2020; KLEMENT TIME EXPIRED 8, 2019; WOLFE TIME EXPIRED 9, 2019; COOTE TIME EXPIRED 10, 2018 (TIMES VARIES)

Cont... ⟵

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

LT. BAYLOR; GARRY HARDLE; SGT. ARMOND; AND GEORGE WARDEN HAS ACTED UNDER COLOR OF STATE LAW WITH DELIBERATE INDIFFERENCE TO A LIBERTY INTEREST RESULTING IN EXCESSIVE CONFINEMENT OF EACH PLAINTIFF RESULTING IN CRUEL AND UNUSUAL PUNISHMENT AND VIOLATION OF DUE PROCESS AND VIOLATION OF STATE STATUTES (SPECIFICALLY PA. RULES OF CRIMINAL PROCEDURES (2020 THOMSON REUTERS) §600(B)(1)(D)(1)(2) FOR PLAINTIFF ROSARIO, LORA, COOTE, KLEMENT, AND WOLFE; §600(B)(5)(D)(X)(2) FOR PLAINTIFF MEDINA; PA. R. CRIM. P. §571 (A)(B)(C) )... WHEN BAYLOR, HARDLE, AND SGT. ARMOND KNEW OR KNOWN - (HAD KNOWLEDGE OF PRISONERS PROBLEMS, THUS, KNOWLEDGE OF

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. ( EMOTIONAL DISTRESS )

THE DAMAGES RECOVERABLE FOR LOSS OF LIBERTY FOR THE PERIOD SPENT IN WRONGFUL CONFINEMENT ARE SEPARABLE FROM DAMAGES RECOVERABLE FOR SUCH INJURIES AS PYSICAL HARM, EMBARRASSMENT OR EMOTIONAL SUFFERING; EVEN ABSENT SUCH OTHER INJURIES AN AWARD OF SEVERAL THOUSAND DOLLARS MAY BE APPROPRIATE SIMPLY FOR SEVERAL HOURS LOSS OF LIBERTY (SEE KERMAN V. CITY OF N.Y. 374 F.3d 93, 125 (FALSE IMPRISONMENT PLAINTIFF MAY CLAIM COMPENSATION FOR LOSS OF TIME, PHYSICAL DISCOMFORT OR INCONVENIENCE - SEE RANDALL V. PRINCE GEORGE COUNTY, 302 F.3d 188, 209

## VI.   Relief

FOR DEFENDANTS TO PAY FOR SUIT... AND TO STOP VIOLATING RULES / CONSTITUTION

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. ( ALL DUE TO EXCESSIVE CONFINEMENT ETC)

1) PLAINTIFF LUIS MEDINA SEEK $1000 PER DAY IN COMPENSATORY AND PUNITIVE DAMAGES FROM JUNE, 20A FOR 8TH, 14TH AMENS. VIOLATION AND VIOLATION OF PA. R. CRIM. P. §600(B)(5)(D)(1)(2) ((A)(1)(2) ARE REMEDIES HE SOUGHT)...

2) PLAINTIFFS COOTE SEEKS $1000 PER DAY IN COMPENSATORY AND PUNITIVE DAMAGES FROM 10, 2018 FOR 8TH, 14TH AMENS VIOLATION AND VIOLATION OF PA. R. CRIM. P. §600(B)(1)(D)(1)(2) ((A)(1)(2) ARE REMEDIES HE SOUGHT...)

3) PLAINTIFF WOLFE SEEKS $1000 PER DAY IN COMPENSATORY AND PUNITIVE DAMAGES FROM 9, 2019 FOR 8TH, 14TH AMENS VIOLATION AND VIOLATION OF PA. R. CRIM. P. §600(B)(1)(D)(1)(2) ((A)(X)(2) ARE REMEDIES HE SOUGHT...)

CONTINUATION FROM:

IV.  STATEMENT OF CLAIM (B):

UNWARRANTED PUNISHMENT WAS BEING, OR WOULD BE, INFLICTED. EACH DEFENDANT FAILED TO ACT ONCE THEY WERE NOTIFIED OF SUCH SERIOUS CONSTITUTIONAL VIOLATION AND THE SERIOUSNESS OF VIOLATION OF THE PA.R.CRM.P. AND TOOK ONLY INEFFECTUAL ACTION UNDER THE CIRCUMSTANCES INDICATING THAT HIS OR HER RESPONSE TO THE PROBLEM WAS A PRODUCT OF DELIBERATE INDIFFERENCE TO PLAINTIFFS PLIGHT. AND EACH PLAINTIFF HAS FILED A GRIEVANCE WITH SGT. ARMANS, LET. BAYLOR, AND BARRY HAIDLE (PRISON OFFICIALS) WHO DID NOTHING BUT RUBBER-STAMP THEIR REPLY TO OUR COMPLAINT TO EACH PLAINTIFF. PLAINTIFFS HAS FILED WITH GEORGE WARDEN A QUESTION OF CONSTITUTIONALITY OF STATE STATUTE THATS AFFECTING THE PUBLIC INTEREST AND REQUESTED GEORGE WARDEN TO CERTIFY SUCH TO THE ATTORNEY GENERAL (HARRISBURG, PA) FOR ARGUMENT A QUESTION OF STATE LAW PURSUANT TO 28 U.S.C. §2403(b) WITH MANDATORY LANGUAGE AS SHALL AND BETWEEN ALL THREE AUTHORITIES (DEFENDANTS) CAUSAL CONNECTION TO DEPRIVE OF RIGHTS BY STATE LAW AND THE U.S. CONSTITUTION AND EACH RESPONSE OR NO REPLY AT ALL TO THE PROBLEM AND THE INFLICTION OF THE UNJUSTIFIED DETENTION (SAMPLE V. DIECKS, 885 F.2d AT 1108-09) THEY KNEW OR KNOWN WHAT THEY WAS WRONG AS THE LAW STATES:

1) LUIS MEDINA, BY REMAND FOR JUNE, 2019 TRIAL TERM PA.R.CRM.P. §600(B)(5)(D)(1) HAS BEEN VIOLATED FROM JUNE, 2019 UNTIL CURRENT SINCE AUTHORIZES THESE DEFENDANTS WITH MANDATORY LANGUAGE AS (SHALL) "NO DEFENDANT 'SHALL' BE HELD IN PRETRIAL CONFINEMENT (INCARCERATION) IN EXCESS OF (BS) 120 DAYS" WARRANTING A REMEDY PURSUANT TO PA.R.CRM.P. §600(D)(2)

2) PLAINTIFFS WOLFE, ROSARIO, LORA, KLEMENT AND COOTE RIGHTS HAS BEEN VIOLATED @ PA.R.CRIM.P. §600 (B)(1) THAT "NO DEFENDANT 'SHALL' BE HELD IN PRETRIAL INCARCERATION IN EKCESS OF (B)(1) 180 DAYS."

(a) WOLFE PRETRIAL INCARCERATION BEGIN 3,2019 WHEREFORE, THE LATEST A TRIAL COULD OF BEEN CONDUCTED WAS 9, 2019...

(b) ROSARIO PRETRIAL INCARCERATION BEGIN 12,2019 WHEREFORE, THE LATEST A TRIAL COULD OF BEEN CONDUCTED WAS 6, 2020

(c) KLEMENT PRETRIAL INCARCERATION BEGIN 2, 2019 WHEREFORE, THE LATEST A TRIAL COULD OF BEEN CONDUCTED WAS 8,2019

(d) LORA WAS IN PRETRIAL INCARCERATION BEGIN 2, 2020 WHEREFORE, THE LATEST A TRIAL COULD OF BEEN CONDUCTED WAS 8,2020

(e) COOTE PRETRIAL INCARCERATION BEGIN 4, 2018 WHEREFORE, THE LATEST A TRIAL COULD OF BEEN CONDUCTED WAS 10, 2018

WARRANTING A REMEDY PURSUANT TO PA.R.CRIM.P. §600 (D)(1)(2)

3) PLAINTIFF ALFORD AND WEBSTER RIGHT HAS BEEN VIOLATED @ PA.R.CRIM.P. §571(A) THAT "ARRAIGNMENT 'SHALL' TAKE PLACE NO LATER THAN 10 DAYS AFTER THE INFORMATION HAS BEEN FILED...

(a) ALFORD ARRAIGNMENT SHOULD OF BEEN CONDUCTED FROM 6.29.20 WHEN INFORMATION FILED SO THE LATEST WOULD OF BEEN 7.9.20 (10 DAYS)

(b) WEBSTER ARRAIGNMENT SHOULD OF BEEN CONDUCTED FROM 6.29.20 WHEN INFORMATION FILED SO THE LATEST WOULD OF BEEN 7.9.20 (10 DAYS)

ALL WHICH EXPIRES WITHOUT GOOD CAUSE FOR ANY CONTINUANCES...

EACH DEFENDANT HAS BEEN NOTIFIED OF THIS UNJUSTIFIED DETENTION AND PRISON OFFICIALS JUST SIT ON THEIR DUFF AND NOT DO ANYTHING, GEORGE WARDEN NOT DOING ANYTHING, WHAT THESE RULES AUTHORIZES THEM TO DO A DUTY TO PLAINTIFFS RESULTED IN EXCESSIVE CONFINEMENT CITING ONART BY AND THROUGH WAUGH v. PEIRCE, 954 F.2d 1470, 1475 (9TH C.R. 1992) (LIBERTY INTEREST WERE CREATED BY STATE STATUES(HERE PA.R.C.RIM.P. 600(B)(1)(G)(A)(V)(2) AND PA.R.CRIM.P. $571(A) (B)(C)] REQUIRING RELEASE OF DETAINEES AFTER 120 DAYS MEDINA; 180 DAYS WOLFE, KIEBELE, LORA, ROSARIO, AND COOTE; 10 DAYS ALFORD AND WEBSTER WITHOUT TRIAL OR ARRAIGNMENT) RESULTED IN A DUE PROCESS AND EQUAL PROTECTION CLAUSE VIOLATION (14TH AMENDMENT) AND DELIBERATE INDIFFERENCE OF EXCESSIVE CONFINEMENT RESULTING IN FALSE IMPRISONMENT AND DEFENDANTS HAIDLE, BAYLOR, ABRAMS, AND WARDEN FAILURE TO ACT ON WHAT THEY HAVE NOTICE AND KNOWLEDGE OF VIOLATES THE 8TH AMENDMENT OF THE U.S. CONSTITUTION. (SEE ALEXANDER v. PERRILL, 916 F.2d 1342, 1395 (YOU "PRISON OFFICIALS" CAN'T JUST SIT ON YOUR DUFF AND NOT DO ANYTHING)... THESE DEFENDANTS INTENDED TO CONFINE, WE PLAINTIFFS ARE CONSCIOUS OF THE CONFINEMENT, PLAINTIFFS DO NOT CONSENT TO THE CONFINEMENT (SOUGHT REDRESS BY GRIEVANCE AND BY WAY OF MOTION TO 28 U.S.C. $2408(b)) THE CONFINEMENT WAS NOT LEGALLY PRIVILEDGED (ALSO SEE TURNER v. CITY OF TAYLOR, 412 F.3d 629, 642, AND HAYES v. FAULKNER COUNTY ARK. 285 F.3d 669, 673-74 CITING SAMPLE v. DIECKS, 885 F.2d AT 1112, 1115, 1168 ) WHICH RAISES SERIOUS CONSTITUTIONAL QUESTIONS UNDER THE DUE PROCESS CLAUSE

Continuation From IV Relief

4.) Plaintiff Posario seeks $1000 per day in compensatory and punitive damages From 5, 2020 for 8th, 14th amend violations and violation of PA. R. CRIM. P. §600 (B)(1)(D)(1)(2) ((A)(1)(2) are remedies he sought)

5.) Plaintiff Lora seeks $1000 per day in compensatory and punitive damages From 8, 2020 for 8th, 14th amend violations and violation of PA. R. CRIM. P. §600 (B)(1)(D)(1)(2) ((D)(1)(2) are remedies he sought)

6.) Plaintiff Klement seeks $1000 per day in compensatory and punitive damages From 8, 2019 for 8th, 14th amend violations and violation of PA. R. CRIM. P. §600 (B)(1)(D)(1)(2) ((A)(1)(2) are remedies he sought)

7.) Plaintiffs Alford and Webster seeks $1000 per day From 7.9.20 For 8th and 14th amend. violations and violation of PA. R. CRIM. P. §571 (A)(B)(C)

NOTE: This is not a relief seeking Release of custody, just For damages of these defendant's intentionally violating or constitutional rights and not following the rules of the court resulting in excessive confinement of plaintiffs - Pre-trial detainee, we do not name Monroe County/Jail nor corretionul re defendants..

* To pay cost and fees associated with this case..

* Seeking relief From the day these defendants knew or knew of violation of our rights..

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

MONROE COUNTY CORRECTIONAL FACILITY (PA)

B.     Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.     Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

ALL CLAIMS; ( 8th AND 14TH AMENDMENT
VIOLATIONS; VIOLATIONS of PA. R. CRIM. P.
§600 (B)(D)(E); AND PA. R. CRIM. P. #571 (A)(B)(C)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

MONROE COUNTY CORRECTIONAL FACILITY
4250 MANOR DRIVE
STROUDSBURG, PA 18360

2.   What did you claim in your grievance?

THAT OUR CONFINEMENT IS EXCESSIVE RESULTING IN FALSE IMPRISONMENT IN VIOLATION OF 8TH AND 14TH AMENDMENT AND PA - R. CRIM. P. §600(B)(1)(S) (D)(1)(2)

3.   What was the result, if any?

VAGUELY: SEEN YOUR LEGAL WITH SGT. ARMOND DENIED BY MIDDLE - WARDEN
RUBBER-STAMP ON THEIR REPLY TO ALL...

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

APPEAL TO HIGHEST LEVEL; GRIEVANCE PROCESS COMPLETED (SEE ENCLOSURE EXHIBIT "A")

WARDEN HAIDLE IS THE FINAL STEP IN THE GRIEVANCE PROCEDURES... ALL PLAINTIFFS RECEIVED THE RUBBER STAMP REPLY...

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.      If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

<u>N/A</u>

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:



INFORMED GEORGE WARDEN AND LEA BAYLOR BY WAY OF MOTIONS TO BE FORWARD TO THE ATTORNEY GENERAL (CERTIFIED) PURSUANT TO 28 U.S.C. §2403(b) - QUESTION OF LAW - CONSTITUTIONAL QUESTION OF STATE STATUTE

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.



OTHER PLAINTIFFS WHO FILES TIMELY GRIEVANCES EITHER WAITED MONTHS FOR A GRIEVANCE OR HAIDE FAILS TO REPLY BUT THESE RUBBER-STAMPING THE 2 REPLY

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*   EXHIBIT 'A' ATTACHED

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

 No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   _____

Defendant(s)   _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition   _____

7.   What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _9-10-20_

Signature of Plaintiff's _____

Printed Name of Plaintiff _____

Prison Identification # _____

Prison Address _____

_____ City _____ State _____ Zip Code

### B.   For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

_____ City _____ State _____ Zip Code

Telephone Number _____

E-mail Address _____

# Monroe County Correctional Facility

## Inmate Grievance Form

Inmate's Name: _Justin Cooke_          OCA # _201205070_

Date Grievance requested _8/26_   Date Grievance given to inmate _8/26/2020_

Grievance Tracking Number   _2020-G-0085_

Completed grievance received by Grievance Coordinator on _____

**Inmate Filing Grievance:**
Complete Parts I and II of this form using clear, specific and brief statements. Attach any request slips which will verify your attempt to resolve this issue with correctional staff and/or supervisors.

**Part I:** State your grievance clearly. If you need more space attach a separate sheet of paper.
My confinement is in violation of the United States constitution stemming from a charge in 2014, my arrest 12.18, and pursuant to the 6th amendment/PA constitution/state statute & PA.R.Crim.P. #600 I should be discharge from confinement which results in excessive confinement also violating 8th and 14th amendment.

**Part II:** Action or relief requested.
To be immediately discharged as my parole tech are finished; $1000 per day from 6.19 until current date...

**Certification:** I submit this grievance in good faith, having exhausted all other remedies and without the intent to harass. I affirm that all statements I have given are true and correct. I understand that I have guarantee against reprisal but also understand that I may face disciplinary action if I have filed this grievance under false pretenses or intentionally made false statements.

_Justin Cooke_                    _Justin Cooke_
Inmate's Signature                Inmate Print Name

**Grievance Response – Step 1**
Answered by _Sgt. Almond_          Date: _8/30/2020_

See your legal team

I, Inmate _____ do not agree with the response in Step 1 and would like this grievance to be sent to the final grievance step.
I understand the Final Step, answered by the Warden/designee is the final step in the grievance process and shall be considered final.

_Justin Cooke_                    _Justin Cooke  8-30-2020_
Inmate Signature                  Print name and date

**Grievance Response – Final Step**
Answered by Warden _Warden Haidle_          Date: _9/8/2020_
This Facility Holds persons for the courts until Trial or court action can be taken. You need to pursue this with your attorney.

Golden rod copy kept by inmate prior to original submission
Pink copy kept by inmate if submitted to Final Step
Upon final response yellow copy to grievance file, white copy to inmate

# Monroe County Correctional Facility

## Inmate Grievance Form

Inmate's Name: _____  OCA # _____

Date Grievance requested _____ Date Grievance given to inmate _____

Grievance Tracking Number _____

Completed grievance received by Grievance Coordinator on _____

**Inmate Filing Grievance:**
Complete Parts I and II of this form using clear, specific and brief statements. Attach any request slips which will verify your attempt to resolve this issue with correctional staff and/or supervisors.

**Part I:**  State your grievance clearly. If you need more space attach a separate sheet of paper.
_____
_____
_____
_____
_____

**Part II:**  Action or relief requested.
_____
_____
_____

**Certification:**  I submit this grievance in good faith, having exhausted all other remedies and without the intent to harass. I affirm that all statements I have given are true and correct. I understand that I have guarantee against reprisal but also understand that I may face disciplinary action if I have filed this grievance under false pretenses or intentionally made false statements.


_____          _____
Inmate's Signature                        Inmate Print Name

**Grievance Response — Step 1**
Answered by _____          Date: _____

_____
_____
_____
_____
_____
_____


I, Inmate_____do not agree with the response in Step 1
and would like this grievance to be sent to the final grievance step.
I understand the Final Step, answered by the Warden/designee is the final step in the
grievance process and shall be considered final.

_____          _____
Inmate Signature                          Print name and date

**Grievance Response — Final Step**
Answered by Warden _____          Date: _____

_____
_____
_____
_____
_____
_____
_____
_____

Golden rod copy kept by inmate prior to original submission
Pink copy kept by inmate if submitted to Final Step
Upon final response yellow copy to grievance file, white copy to inmate

# Monroe County Correctional Facility

## Inmate Grievance Form

Inmate's Name: _Craig Alford_   OCA # _9411066_

Date Grievance requested _8/21/2020_   Date Grievance given to inmate _8/4/2020_

Grievance Tracking Number _2020-6-0051_

Completed grievance received by Grievance Coordinator on _____

**Inmate Filing Grievance:**
Complete Parts I and II of this form using clear, specific and brief statements. Attach any request slips which will verify your attempt to resolve this issue with correctional staff and/or supervisors.

**Part I:** State your grievance clearly. If you need more space attach a separate sheet of paper.
_Pursuant to the "8th and 14th" Amendment of the United States Constitution I'm stating violations of such are resulted in my "excessive confinement" of a prisoner with "liberty interest" and I site violation of Pa.R.Crim.P. 857(A) citing by act by and through Waugh v. Place 954 F.2d 1470, 1475 state statute requiring release_

**Part II:** Action or relief requested. _Denial of due process_
_The arrest and arraignment could of been committed was on 7.9.20 from which information was filed 6.29.20 citing Pa.R.Crim.P. 857A 10 days to arraignment wherefore due to this cruel and unusual punishment I'm requesting "good time" from 7.9.20 until statues of released_

**Certification:** I submit this grievance in good faith, having exhausted all other remedies and without the intent to harass. I affirm that all statements I have given are true and correct. I understand that I have guarantee against reprisal but also understand that I may face disciplinary action if I have filed this grievance under false pretenses or intentionally made false statements.

Inmate's Signature _Craig Alford_

Inmate Print Name _Craig Alford  8.28.20_

**Grievance Response – Step 1**

Answered by _Sgt. Award_   Date: _8/30/2020_

_See your legal team_

I, Inmate _Craig Alford_ do not agree with the response in Step 1 and would like this grievance to be sent to the final grievance step.
I understand the Final Step, answered by the Warden/designee is the final step in the grievance process and shall be considered final.

Inmate Signature _Craig Alford_

Print name and date _Craig Alford  8.30.20_

**Grievance Response – Final Step**

Answered by Warden _Warden Haidle_   Date: _9/9/2020_

_The Facility holds persons per the courts until Trial or court action can be taken. You need to pursue this with your attorney_

Golden rod copy kept by inmate prior to original submission
Pink copy kept by inmate if submitted to Final Step
Upon final response yellow copy to grievance file, white copy to inmate

C

# Monroe County Correctional Facility

## Inmate Grievance Form

Inmate's Name: Howard Wolfe          OCA # 9909622

Date Grievance requested 8/30 ____ Date Grievance given to inmate 9/5/2020

Grievance Tracking Number _____ 2020-C-0095

Completed grievance received by Grievance Coordinator on _____

**Inmate Filing Grievance:**
Complete Parts I and II of this form using clear, specific and brief statements. Attach any request slips which will verify your attempt to resolve this issue with correctional staff and/or supervisors.

**Part I:** State your grievance clearly. If you need more space attach a separate sheet of paper.
PURSUANT TO THE 8TH & 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION I'M STATING A VIOLATION OF SUCH HAS RESULTED IN MY "EXCESSIVE CONFINEMENT" OF A PRISONER WITH A LIBERTY INTEREST" AND SITE VIOLATION OF PA. 12 CRIM. P.S 600(B)(1)(D)(1)(2) CITING WATT BY AND THROUGH WARGH V. PEARCE, 954 F.2D 1470, 1475 STATE STATUTES REQUIRING RELEASE FOR DENIAL OF DUE PROCESS.          (ALSO) SEE ATTACHED "ASSAULT"

**Part II:** Action or relief requested.
I WAS CONFINED 3-21-19 THE LATEST A TRIAL COULD OF BEEN CONDICTED WAS 9-21-19 CITING RULE 600, WHERE-FORE FROM 9-21-19 UNTIL CURRENT DATE, I WANT $1000.00 PER DAY FOR THIS CRUEL AND UNUSUAL PUNISHMENT, WHERE AT 181 DAYS I WAS TO HAVE A NOMINAL BAIL, SEEKING DISMISSAL OF CHARGES.

**Certification:** I submit this grievance in good faith, having exhausted all other remedies and without the intent to harass. I affirm that all statements I have given are true and correct. I understand that I have guarantee against reprisal but also understand that I may face disciplinary action if I have filed this grievance under false pretenses or intentionally made false statements.

_____          Howard S Wolfe
Inmate's Signature                Inmate Print Name

**Grievance Response – Step 1**
Answered by _____          Date: 9/11
Speak to your legal team

_____
_____
_____
_____

I, Inmate Howard S. Wolfe _____ do not agree with the response in Step 1 and would like this grievance to be sent to the final grievance step.
I understand the Final Step, answered by the Warden/designee is the final step in the grievance process and shall be considered final.

_____          Howard E. Wolfe 9/16/20
Inmate Signature                  Print name and date

**Grievance Response — Final Step**
Answered by Warden Warden Haidle          Date: 9/17/2020
This is a court issue, the facility holds individuals per the
Courts

_____
_____
_____

Golden rod copy kept by inmate prior to original submission
Pink copy kept by inmate if submitted to Final Step
Upon final response yellow copy to grievance file, white copy to inmate

# Monroe County Correctional Facility

## Inmate Grievance Form

Inmate's Name: _Damaon Webster_ OCA # _2020-0000426_

Date Grievance requested _9/10_ Date Grievance given to inmate _9/16_

Grievance Tracking Number _2020-C-0100_

Completed grievance received by Grievance Coordinator on _____

**Inmate Filing Grievance:**
Complete Parts I and II of this form using clear, specific and brief statements. Attach any request slips which will verify your attempt to resolve this issue with correctional staff and/or supervisors.

**Part I:** State your grievance clearly. If you need more space attach a separate sheet of paper.

PURSUANT TO THE 8TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION I'm STATING VIOLATIONS OF SUCH HAS RESULTED IN MY "EXCESSIVE CONFINEMENT" OF A PRISONER (PRETRIAL DETAINEE) WITH A 'LIBERTY INTEREST' AND I SITE VIOLATION OF PA.R.CRIM.P. 571(A) CITING OVIATT BY AND THROUGH WAUGH v. PEARCE, 954 F.2d 1470, 1475 STATE STATUTES REQUIRING RELEASE FOR DENIAL

**Part II:** Action or relief requested. OF DUE PROCESS...

THE LATEST AND ARRAIGNMENT COULD OF BEEN CONDUCTED WAS 7.9.20 FROM WHEN INFORMATION WAS FILED 6.29.20 CITING PA.R.CRIM.P. 571 (10 DAYS TO ARRAIGNMENT) THEREFORE, DUE TO THIS CRUEL AND UNUSUAL PUNISHMENT I'M REQUESTING $1000 PER DAY FROM 7.9.20 WHEN I SHOULD OF BEEN RELEASED...

**Certification:** I submit this grievance in good faith, having exhausted all other remedies and without the intent to harass. I affirm that all statements I have given are true and correct. I understand that I have guarantee against reprisal but also understand that I may face disciplinary action if I have filed this grievance under false pretenses or intentionally made false statements.

_[signature]_                                    _Damaon Webster 9/16/20_
Inmate's Signature                               Inmate Print Name

---

## Grievance Response – Step 1

Answered by _Sgt Award_                          Date: _9/17/2020_

See your legal team

---

I, Inmate_____do not agree with the response in Step 1
and would like this grievance to be sent to the final grievance step.
I understand the Final Step, answered by the Warden/designee is the final step in the
grievance process and shall be considered final.

_[signature]_                                    _Damaon Webster_
Inmate Signature                                 Print name and date

---

## Grievance Response – Final Step

Answered by Warden _Wardenthridle_               Date: _9/21/2020_

This is a court issue, the facility holds individuals per the courts

Golden rod copy kept by inmate prior to original submission
Pink copy kept by inmate if submitted to Final Step
Upon final response yellow copy to grievance file, white copy to inmate

# Monroe County Correctional Facility
## Inmate Grievance Form

Inmate's Name _Luis Medina_    OCA # _2015-0000159_

Date Grievance requested _8/24_    Date Grievance given to inmate _8/30/2020_

Grievance Tracking Number _2020-6-0094_

Completed grievance received by Grievance Coordinator on _____

**Inmate Filing Grievance:**
Complete Parts I and II of this form using clear, specific and brief statements. Attach any request slips which will verify your attempt to resolve this issue with correctional staff and/or supervisors.

**Part I**: State your grievance clearly. If you need more space attach a separate sheet of paper.
Pursuant to PA.P.C.P.u.P § 600(B)(6) I was a trite TEP4
see TEP 6.2019, the latest a trite acus of Real
consultes on Remand late OCT., 2019 resultes w/ my
excesive confinement in violaten of the PA.P.C.P.u.P and
the Bail and Non-Asignments of the U.S. constitutetan...

**Part II**: Action or relief requested.
To be immeditory released flom this unjustifies
confinement, $1000 per day flom OCT., 2019 untic curret
Date Cthink Floco(b)(i)(2) martrials to well

**Certification:** I submit this grievance in good faith, having exhausted all other remedies and without the intent to harass. I affirm that all statements I have given are true and correct. I understand that I have guarantee against reprisal but also understand that I may face disciplinary action if I have filed this grievance under false pretenses or intentionally made false statements.

_Luis Medina_      _Luis Medina_
Inmate's Signature        Inmate Print Name

**Grievance Response – Step 1**
Answered by _Sgt. Ford_     Date: _9/4/2020_
Speak to your legal team

I, Inmate _Luis Medina_ **do not agree with the response in Step 1 and would like this grievance to be sent to the final grievance step.**
I understand the Final Step, answered by the Warden/designee is the final step in the grievance process and shall be considered final.

_Luis Medina_      _Luis Medina_
**Inmate Signature**       **Print name and date**

**Grievance Response – Final Step**
Answered by Warden _Wdn Haidle_     Date: _9/17/2020_
this is a court issue, the facility holds individuals
for the courts.

Golden rod copy kept by inmate prior to original submission
Pink copy kept by inmate if submitted to Final Step
Upon final response yellow copy to grievance file, white copy to inmate

CRAIG ALFRED #91141/056
M.C.C.F.
4250 MANOR DRIVE
STROUDSBURG PA 18360

RECEIVED
SCRANTON

SEP 3 0 2020

PER_____
DEPUTY CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PA
235 N. WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA 18501-1148