IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHON LORA, *et al.*, | : | |
| Plaintiffs, | : | 1:20-cv-1787 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LT. BAYLOR, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

### October 13, 2020

Presently before the court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Plaintiffs Jhon Lora ("Lora"), Craig Alford ("Alford"), Luis Medina ("Medina"), Christopher J. Klement ("Klement"), Miguel Eduardo Rosario ("Rosario"), Howard Wolfe ("Wolfe"), Damaon Webster ("Webster") and Justin Coate ("Coate"), pretrial detainees currently incarcerated at the Monroe County Correctional Facility ("MCCF"), in Stroudsburg, Pennsylvania.  (Doc. 1). Plaintiffs name as Defendants Garry Haidle, Warden at MCCF, Mr. Armond, Sergeant at MCCF, and Lea Baylor, MCCF Director.  Also named is George Warden, Clerk at the Monroe County Courthouse.

Plaintiffs seek to proceed *in forma pauperis*.  (Docs. 2-9).  Also pending are Plaintiffs' motions to appoint counsel (Doc. 12) and for class certification (Doc. 24).  For the reasons set forth below, the motions to proceed *in forma pauperis* will

be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiffs' motions to appoint counsel (Doc. 12) and for class certification will be denied as moot.

**I.      STANDARDS OF REVIEW**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)");

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED. R. CIV. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the

## II.     PLAINTIFFS' COMPLAINT

Plaintiffs identify themselves as pretrial detainees incarcerated at MCCF. They allege that Defendants have acted with deliberate indifference "resulting in excessive confinement of a liberty interest in being released on time stating due process and Eighth Amendment claims" as well as state law claims.  (Doc. 1, p. 3). They allege that they have been confined in pretrial confinement without the filing of an information or complaint and that "time has expired" for each of them.  (*Id.* at pp. 4, 5, 7-9).  They note that "this is not a relief seeking release of custody; just for damages…".  (*Id.* at 9).

## III.    DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a

5

plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiffs seek to obtain money damages from their jailers and a clerk at the county courthouse based on what they identify as "excessive confinement" and a failure to formally charge them in a complaint or information. To the extent they raise constitutional due process claims associated with the timeliness of state criminal charges or violations of state criminal rules, or that their confinement necessarily implicates a violation of any federal right, such as the right to a speedy trial, such claims are barred by the favorable termination rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under §1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87; *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be

6

brought by way of a habeas corpus petition."). *Heck* applies to claims involving monetary damages as well as those seeking equitable and declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 – 82 (2005).

The *Heck* bar applies whether Plaintiffs are pretrial detainees or whether they have been convicted of the charges for which they are currently incarcerated. "In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter." *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) (abrogated on other grounds by *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims which challenge post-arraignment detainment are barred by *Heck*. *See McDonough v. Smith*, ⎯⎯ U.S. ⎯⎯, 139 S.Ct. 2149, 2155–56 (2019) (discussing malicious prosecution); *Betterman v. Montana*, ⎯⎯ U.S. ⎯⎯, 136 S. Ct. 1609, 1615 (2016) (quoting *United States v. Marion*, 404 U.S. 307, 320–321, (1971) in stating that the Sixth Amendment's Speedy Trial Clause applies when a defendant is arrested or formally accused and continues through conviction.); *Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019), *cert.* denied, 140 S. Ct. 2523 (2020) (citing *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) in concluding that because Nash has not

shown that his conviction has been set aside, he cannot bring malicious prosecution or speedy trial claims at this time.).

If Plaintiffs are successful on their claims, that delays in filing of criminal complaints or informations have resulted in excessive confinement and caused a violation of their due process rights or any other federal rights, such claims would necessarily call their potential convictions into question. *See, e.g., Josey v. Texas Dept. of Public Safety*, 101 F. App'x. 9, 10 (5th Cir. 2004) (stating "by raising his speedy-trial argument, Josey is contesting his continued confinement.  Because Josey's continued confinement has not been remedied by any of the procedures listed in *Heck*, his speedy-trial claim also is not cognizable under 42 U.S.C. § 1983."); *Thomas v. Pugh*, 9 F. App'x. 370 (6th Cir. 2001) (finding a pre-trial detainee's §1983 claim that he was denied a speedy trial to be barred by *Heck); Asque v. Commonwealth Allegheny Cty.*, No. CIV A 07-294, 2007 WL 1247051, at *3 (W.D. Pa. Apr. 27, 2007) (same); *Jacobsen v. Maricopa County*, No. CV052173PHXMHMVAM, 2005 WL 2738402, *2 (D. Ariz. Oct. 20, 2005) (holding "Plaintiff's speedy trial and unfounded charges claims are therefore barred by *Heck*.  Both claims necessarily imply the validity of any conviction that might potentially result from the pending charges.  Plaintiff can bring a § 1983 claim only if the charges against him are dismissed, or if he is convicted and has

8

the conviction set aside. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). Until that time, his §1983 action is premature and fails to state a claim upon which relief may be granted."). Consequently, until Plaintiffs' charges are dismissed, or their convictions are set aside, their claims are premature and must be dismissed under *Heck*.

Based on the foregoing, at this juncture, Plaintiffs' complaint is implausible and will be dismissed for failure to state a claim upon which relief may be granted. Under the circumstances, the Court is confident that service of process is not only unwarranted but would waste the increasingly scarce judicial resources that §1915 is designed to preserve.

## IV.  **LEAVE TO AMEND**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant Plaintiffs leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002). The Court concludes that granting leave to amend would be futile as any civil rights claim is simply not cognizable at the present time.

## V. <u>**CONCLUSION**</u>

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court will enter an appropriate Order.