IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHON LORA, *et al.*, | : | No. 1:20-CV-1787 |
| Plaintiffs, | : | (Chief Judge Brann) |
| v. | : | |
| LT. BAYLOR, *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM OPINION

DECEMBER 8, 2021

I.     BACKGROUND

This civil action was commenced on October 1, 2020, by eight plaintiffs[1] who—at that time—were pretrial detainees at Monroe County Correctional Facility in Stroudsburg, Pennsylvania. The complaint was styled as a "class action," seeking to bring collective Section 1983[2] claims against four defendants—three prison officials at Monroe County Correctional Facility and the prothonotary for Monroe County. The gravamen of the complaint was that Plaintiffs were being unlawfully held in pretrial detention longer than permitted by various Pennsylvania

---

[1] Those plaintiffs were Jhon Lora, Luis Medina, Craig Alford, Justin Coate, Christopher J. Klement, Miguel Eduardo Rosario, Howard Wolfe, and Damaon Webster. *See* Doc. 1 at 1, 2.

[2] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

Rules of Criminal Procedure, thus violating Plaintiffs' constitutional rights.[3] According to the allegations, some plaintiffs were being held in pretrial detention longer than allowed after the filing of a criminal complaint (in violation of Rule 600), and others were being held in pretrial detention too long without formal arraignment (in violation of Rule 571).[4] Plaintiffs specifically noted that they were not "seeking release [from] custody," only monetary damages for the purported illegal pretrial confinement.[5]

On October 13, 2020, the Court[6] dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding that Plaintiffs' Section 1983 claims were barred by the Supreme Court's decision in *Heck v. Humphrey*.[7] Only one plaintiff, Craig Alford, appealed.[8] The United States Court of Appeals for the Third Circuit vacated the October 13, 2020 judgment and remanded for further proceedings as to Alford's Section 1983 claim involving failure to arraign, finding that it was not barred by the favorable termination rule in *Heck v. Humphrey*.[9] The Court now

---

[3] Doc. 1 at 5-9.
[4] *See id.* at 7.
[5] *Id.* at 9.
[6] This case was previously assigned to the Honorable John E. Jones III. It was transferred to the undersigned following remand by the United States Court of Appeals for the Third Circuit and Judge Jones' August 1, 2021 retirement from the federal bench.
[7] 512 U.S. 477 (1994).
[8] *See* Doc. 51. As the Third Circuit noted, only Alford signed the notice of appeal and thus only Alford's claim was considered by the panel. *See Lora v. Lt. Baylor*, 853 F. App'x 801, 802 n.1 (3d Cir. 2021) (mem.) (nonprecedential).
[9] *Lora*, 853 F. App'x at 803 & n.4.

considers whether—in the absence of any *Heck v. Humphrey* bar—Alford states a plausible claim for relief.

**II.   DISCUSSION**

Alford contends that his Eighth and Fourteenth Amendment rights were violated when he was held in pretrial detention without timely arraignment. However, as Alford is alleging a *pretrial* deprivation by state actors, his claim implicates only the Fourteenth Amendment, not the Eighth.[10]  Alford avers that the following defendants are liable for his allegedly unlawful pretrial incarceration: Garry Haidle, Warden of Monroe County Correctional Facility; Gregory Armond, a Sergeant at Monroe County Correctional Facility; Lt. Baylor, "Director" at Monroe County Correctional Facility; and George Warden, the Monroe County Prothonotary and Clerk of Courts.[11]  What Alford does not do, however, is set forth facts that plausibly explain why prison officials at Monroe County Correctional Facility or the Monroe County Prothonotary could be held liable for alleged unlawful pretrial detention due to a failure to timely arraign.

Pennsylvania Rule of Criminal Procedure 571 governs the arraignment process.[12]  In particular, Rule 571(A) states, "Unless otherwise provided by local

---

[10] *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).
[11] *See* Doc. 1 at 2-3; http://www.monroecountypa.gov/Dept/Prothonotary/Pages/default.aspx (last visited Dec. 2, 2021).
[12] *See generally* PA. R. CRIM. P. 571; 42 PA. CONS. STAT. § 8703.

court rule, or postponed by the court for cause shown, arraignment shall take place no later than 10 days after the information has been filed."[13]

Alford alleges that his criminal information was filed on June 29, 2020; that, according to Rule 571(A), he should have been arraigned by July 9, 2020; and that he was not timely arraigned.[14] Alford does not explain, however, how the named prison officials or the prothonotary could have taken any action to arraign him in a more timely manner or "follow[ed] the Rules of the Court" so that Alford's pretrial detention was not "excessive" and violative of his due process rights.[15] In other words, Alford has not pled facts plausibly showing why or how the named defendants could be liable for the constitutional tort asserted.

Indeed, it is beyond question that neither the named prison officials nor the prothonotary were responsible for scheduling Alford's arraignment, trial, or any other criminal proceeding. It is equally implausible that the named defendants had any control over the length of Alford's pretrial incarceration or the timing of his prosecution.[16] As the responses to Alford's prison grievance demonstrate, Monroe

---

[13] PA. R. CRIM. P. 571(A). The Comment to Rule 571 also provides that "[u]nder paragraph (A), in addition to other instances of "cause shown" for delaying the arraignment, the arraignment may be delayed when the defendant is unavailable for arraignment within the 10-day period after the information is filed."

[14] Doc. 1 at 5, 7.

[15] Doc. 1 at 9.

[16] Alford claims that the named defendants are liable because they were "notified of this unjustified detention" but "just sit on their duff and not do [sic] anything." Doc. 1 at 8. It appears that notification to the prison officials came by way of the grievance process, but the law is clear that mere involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. *See Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa.

County prison officials recommended that Alford contact his attorney or legal team because the "facility holds persons per the courts until trial or court actions can be taken."[17]

Thus, the complaint—as it currently stands—fails to plausibly allege a violation of Alford's Fourteenth Amendment rights by any named defendant. And because the complaint fails to state a claim upon which relief may be granted, Alford's Section 1983 claim must be dismissed.[18]

## III. CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Alford's Section 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[19] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

2015) (collecting cases); *see also Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that district court "properly dismissed" prisoner's claims against certain defendants because allegations against them "merely assert their involvement in the post-incident grievance process").

[17] Doc. 1 at 18.
[18] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).
[19] To the extent that the Third Circuit's decision vacating the October 13, 2020 judgment applies to all plaintiffs and not just Alford (who alone successfully appealed dismissal of his Section 1983 claim), the same reasoning provided herein requires dismissal of those plaintiffs' constitutional tort claims as well.