IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT (PA)

IN RE: LORA, et al. v. BAYLOR, et al.   #1:20-cv-1787
THIRD CIRCUIT COURT #20-3297 (ON REMAND)
— JURY TRIAL DEMAND BY PLAINTIFFS..

'AMENDED COMPLAINT'

FILED
SCRANTON
JAN 07 2022
PER ____ DEPUTY CLERK

JURISDICTION AND VENUE:

(1) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiffs seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for relief are authorized in the 3rd Circuit sister court U.S.C.A. for the 9th Circuit in "OVIATT BY AND THROUGH WAUGH v. PEARCE, 954 F.2d 1470, 1475, 1478, and 1481 (1992) — PRECEDENT"...

(2) The U.S.D.C. - Middle District (PA) is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving

2

rise to this claim occured..

PLAINTIFFS:

(3) PLAINTIFFS IN LORA, et al. is and was at all times mentioned herein; (ALL PLAINTIFFS); were prisoners of the state of PA in the custody of (MCCF) MONROE county CORRECTIONAL FACILITY... ALTARA (FILLIN FOR THE CLASS) is currently confined at SCI PHOENIX, some plaintiffs are still confined at MCCF, SCI, and a few are at liberty...

Defendants:

(4) Defendant Lea Baylor is the Director at MCCF in the county of Monroe (PA)... She is legally responsible for the overall operation as DIRECTOR of MCCF and each institution under its jurisdiction including MCCF... And responsible in answer grievances at 1st level

(5) Defendant Gary Haidle is the warden at MCCF in the county of Monroe (PA)... He is legally responsible for the overall operation as warden of MCCF and each institution under its jurisdiction including MCCF... And is responsible for answering grievances at final level

3.

(6) Defendant SGT. ARMold is a SGT. at MCCF in the Monroe County Correctional Facility (PA)... He is legally responsible for the overall operation of inmates and each institution under its jurisdiction including 1st level reply to all grievances with Lea Baylor (C4)

(7) Defendant GEORGE WARDEN is the CLERK of Courts @ Monroe County Courthouse (PA). He is legally responsible for the overall operation of the court docket sheets/entries and each institution under its jurisdiction including filing all notices and knowing when rights become vested.

(8) Each defendant is sued INDIVIDUALLY AND IN HIS/HER OFFICIAL CAPACITY... AT ALL TIMES MENTIONED IN THIS COMPLAINT, EACH DEFENDANT ABOVE ACTED UNDER COLOR OF STATE LAW. And IS named (DEFENDANTS HEREIN) - (ALL(4)).

FACTS:

(9) Pursuant to PA R.CRIM. P. §571(A) defendants in a criminal proceeding is to be arraigned 10 days after the information is filed (as an example for Alford his information was

4

filed 6.29.20) so the latest an arraignment could of been conducted was 7.9.20 so under objection the arraignment conduct 9.2.21 was unconstitutional beyond the time frame requirements. And we sought relief

Pursuant to PA.R.CR.u.P. §600(B)(i),(D)(1)(2); defendants in a criminal proceeding is to not be in pretrial incarceration in excess of 180 days from the date the complaint was filed (as an example for the could be was confined 6.7.20) so the latest a trial could of been conducted was 12.7.20 so under objection the trial conducted 5.10.21 was unconstitutional beyond the time frame requirements. And sought relief to §600(D)(1)(2)

(10.) Defendants/Plaintiffs filed grievances because state statutes created a liberty interest and thoroughly exhausted when we grieved our confinement citing excessive confinement and false imprisonment to Lee Baylor, SGT Armond, and at the final level with warden Gary Haidle who failed to notify MCCF on our complaint, and told us to seek our legal team instead of investigating these serious constitutional violations that

5.

plaintiffs are going months/years without an arraignment or speedy trial from July 9, 2020 until 5·10·21 when I was transferred to NCP (1st Amendment retaliation transfer) "because we was exercising our constitutional (Federal & State) rights and to redress the deprivation." After thoroughly exhausting @ MCCF this timely civil complaint followed, we sought to be labeled as a class because it was over 30 of us inmates/plaintiffs in the same situation of not being arraigned or given trials in a timely manner. And why bail reform is needed so these dates of release will be on the docket after 10/180 day time periods.

(11) In the states In. Gen. State wide Emergency the PA Supreme Court authorized all courts to use ADVANCE COMMUNICATION TECHNOLOGY (ACT) PA.R.CRM.P. 108 to meet our constitutional requirements as zoom, go to meeting, I.P. address, telephone, etc because the courts only closed in court appearances (see 230 A.3d 105 PA Supreme Court Statewide Emergency April 28, 2020 enclosed) and defendants failed to do so to meet our constitutional requirements

we Plaintiffs sought relief by writs of

(10)

habeas corpus and motion for relief to §6000(D)(6) to GEORGE WARDSI who failed to act and ignored our request for relief did not file on the docket sheet our motions for relief as we had ineffective assistance of counsel. Then to pour salt on the wound as they was using the pandemic as an excuse but failed to equally apply the law when they gave Beers, Coote, Medina, Conti out of Monroe relief (§) bail is the pandemic but did not give to those who was similar situated, days beyond the time frame requirements (Mon-ths/years) without originally trials resulting in excessive confinement for July 9, 2020 - July, 2021 when GEORGE WARDSI is to keep track of all confined and their court appearances and GEORGE WARDSI failed to react after thoroughly notified our confinement/complaints

(12) Attached is the PA. Rules of court that must be strictly construed to PA.cRim.P. §101(A)(3)(c) and 42 PA.C.S. §1924(a)(b)(c)(1-8), and §1928 (b)(6)(1) Attached is the case law in support of relief and plaintiff must be

7.

awarded damages for arraigning us in (85) days (Alford and others) (64 days) beyond §57(A)

Alford - and conducting an entirely trial for us in (338 days) (Alford & others) 158 days beyond "600(D)" without justification, as we clear false imprisonment established by defendants herein and their decision to maintain a policy of inaction that admittingly "did not detect missed arraignments and trials" was tantamount to an intent to confine individuals who had a right to be released as "Coote, Beeks, Medina, Corbes" who was released in the pendency citing excessive confinement and false imprisonment and defendants failure to detect prolonged incarcerations and failing to provide prompt trial procedures evidence deliberate indifference to our rights thus triggering 1983 liability and any reasonable jurist, as the record will reflect, could find our established claims for false imprisonment because defendants inactions and defendant minimalist approach to jail procedures and court procedures defendants failed to provide plaintiffs with the protection that they were due contravening U.S. Const. Amend 6, 8, and 14th

8.

And Oriett by and through Waugh v. Pearce 954 F.2d 1470, 1475, 1478, 1481 (9th Cir. 1992) is attached to help this court understand our claims as the 3d Circuit understood vacated, and remanded this case for further proceedings. EXHIBIT "A" IS OUR ACT COURT; EXHIBIT "B" IS PA RULES OF COURT; EXHIBIT "C" IS LEGISLATURE INTENT THE RULES MUST BE CONSTRUED/FOLLOWED; EXHIBIT "D" IS THE PA SUPREME COURT IN GEN. STATEWIDE EMERGENCY AUTHORIZING ALL COURTS TO USE (ACT) TO MEET OUR CONSTITUTIONAL REQUIREMENTS; EXHIBIT "E" IS OUR SACRED U.S./PA CONSTITUTION

LEGAL CLAIMS:

(13) THE VIOLATION OF PA.R.CRIM.P. §574(A) and §600(B)(1),(D)(1)(2) and deliberate indifference and unjustified incarceration and defendants failing to act after notified of prolonged incarceration beyond the time frame requirement, failure to equally apply the law with the laws mandatory language of "SHALL BE CONSTRUED 10 DAYS AFTER INFORMATION FILED - for ARRAIGNMENT/ NO DEFENDANT SHALL BE IN PRETRIAL INCARCERATION

9.

"in Access of 180 days" and defendants policy of inaction, failure to detect, or investigate after proper grievances filed and motions for relief filed violated plaintiff's rights and constituted 6th, 8th, and 14th Amendment citing speedy trial, cruel and unusual punishment and due process/equal protection violations of our sacred U.S./PA constitutions because state statutes §§ 57(A) and 600(B)(1),(B)(2) created a liberty interest and our U.S. Supreme Court has recognized that an individual has a liberty interest in being free from incarceration absent a criminal conviction and state statutes are explicitly mandatory and "shall" mandates certain procedures and we cease to be released if no arraignment is conducted in 10 days after information filed and if no trial is conducted in 180 days when the complaint is filed and defendants minimalist appeal (see Yarris State Court) to jail and court procedures they "failed to provide plaintiff the protection that they were do" contravening U.S. const. Amend 6, 8, and 14th and freedom from incarceration is a vital liberty

(10) interest for those who have not been criminally convicted. Defendants herein inactions evidence a deliberate indifference to our constitutional rights and under "Pennsylvania case law, state actors are not immunized for their intentional acts to confine without legal authority." This case is unique and should be a question for the jury and as on all court we should be awarded damages and attorney fees under 42 U.S.C. 1988 or a multiplier to the lodestar figure to enhance fees to attract competent counsel for the class.

(14) The plaintiffs had no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiffs have been and will continue to be irreparably injured (AND A WHOLE LOT OF OTHER INMATES @ MCOP) by the conduct of the defendants who disregards the law, failure to equally apply the law and violate inmates constitutional rights unless this court grant the declaratory relief which plaintiff seeks. Each defendant herein could of remedied the constitutional violations" BUT DID NOT

11

## PRAYER FOR RELIEF

(15) Wherefore plaintiffs respectfully prays that this honorable court enter judgment granting plaintiffs:

(2) - A declaration that the acts and ommissions described herein violated Plaintiffs rights under the Constitution and laws of the United States.

(1) - Compensatory damages in the amount of $1000 per day against each defendant jointly and severely to inmates who did beyond the 10 day requirement for arraignments and $1000 per day against each defendant jointly and severely to inmates who did beyond the 180 days requirement for trial.

(3) - Punitive damages in the amount of $1000 per day against each defendant jointly and severely to inmates who did beyond the 10 day requirement for arraignment and $1000 per day against each defendant jointly and severely to inmates who did beyond the 180 day requirement for trial.

(d) - A jury trial on all issues triable by jury

(e) - Plaintiffs cost in this suit

(e) - To appoint counsel because there is over 30 of us who was held in false imprisonment / excessive confinement by defendants who failed to act, and for not equally apply the law for the class

(g) - label us a class on behalf of a larger group of people who rights are being violated in the same way.

(b) - To stop defendants actions to not act on solid claims, and/or to release inmates on fire pursuant to the law as defined @ §71(A), §600(B)(i),(B)(ii) and stop violating inmates rights and stop contravening our constitution U.S. Am 84...

(i) any additional relief this court deems just, proper, and equitable as declared in oviATT case Exhibit "A" herein.

12.22.21

respectfully submitted
& inmates @ MCCF

Craig Allen #96225
SCI PHOENIX
1200 Morfcotto Drive

13

NOTE: I'm unable to obtain other inmates signatures due to my confinement at SCI etc and why counsel who can represent the class better should be appointed. And due to defendants continued interruption because of litigations.

Exhausted!

Plaintiff did filed grievances to MCCF authorities as Lee Baylor, Sgt Armand and Warden Haidle state (see your latest term) and filed to set a cognizable claims and we went to the highest level and this court is in receipt of all grievances of 30 plus inmates. And plaintiff filed for relief to Recoveries but fail on death ears to George Warden.

Unexhausted

I have read the foregoing complaint and hereby verify that the matters alleged therein allege are true, except to matter alleged in info and belief, and as to those, I believe to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed @ Collegeville, PA
12-22-21
Craig Alcorn
Craig Alcorn

Lora, et al. # 1:20-cv-1787

## Proof of Service

I hereby certify that I have on this day served a copy of the following and in the manner indicated below to satisfy the rules of court.

Service by 1st class mail, Postage Prepaid to:

Gerard Geiger, Esq.
712 Monroe St.
Stroudsburg, PA 18360

## Certification

I declare under the penalty of perjury that the information herein is true and correct to the best of my knowledge and belief.

By: Craig Alford
Craig Alford
12.27.21

Smart Communications/PADOC
SCI- Phoenix
Name Carl Aiello
Number QL0228

PO Box 33028

St Petersburg FL 33733
LEGAL MAIL ADD/:
1200 MOKYCHIC DRIVE
COLLEGEVILLE, PA 19426

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

12/30/2021
US POSTAGE $002.36
ZIP 19426
041M11252211

Office of the Clerk
United States District Court
M'DLE DISTRICT
235 N. WASHINGTON AVE.
Scranton, PA 18501-1148

RECEIVED
SCRANTON
JAN 07 2022
PER_____
DEPUTY CLERK