# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALFORD, | | No. 1:20-CV-01787 |
| Plaintiff, | | (Chief Judge Brann) |
| v. | | |
| LEA BAYLOR, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM OPINION

### MARCH 10, 2023

Plaintiff Craig Alford filed this *pro se* Section 1983[1] action, alleging

constitutional violations during his pretrial detention at Monroe County

Correctional Facility (MCCF) in Stroudsburg, Pennsylvania.  Alford now moves to

compel discovery and for sanctions, for declaratory judgment pursuant to Federal

Rule of Civil Procedure 57 and 28 U.S.C. § 2201, and for summary judgment

pursuant to Federal Rule of Civil Procedure 56.  For the following reasons, the

Court will deny Alford's motions.

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional
wrongs committed by state officials.  The statute is not a source of substantive rights; it serves
as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ.
v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.   FACTUAL BACKGROUND[2]

This civil action was originally commenced on October 1, 2020, by eight

plaintiffs[3] who—at that time—were pretrial detainees at MCCF.  The complaint

was styled as a "class action," seeking to bring collective Section 1983 claims

against four defendants—three prison officials at MCCF and the Monroe County

prothonotary (and clerk of courts).  The gravamen of the complaint was that the

plaintiffs were being unlawfully held in pretrial detention and without arraignment

longer than permitted by various Pennsylvania Rules of Criminal Procedure, thus

violating the plaintiffs' constitutional rights.[4]  According to the allegations, some

plaintiffs were being held in pretrial detention longer than allowed after the filing

of a criminal complaint (in violation of Rule 600), and others were being held in

pretrial detention too long without formal arraignment (in violation of Rule 571).[5]

The plaintiffs specifically noted that they were not "seeking release [from]

custody," only monetary damages for the purported illegal pretrial confinement.[6]

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried.  *Id.*  Alford has failed to comply with Local Rule 56.1 because he has not filed a statement of material facts, and thus the Court will largely refer to Alford's allegations in his amended complaint in this factual background.

[3]   Those plaintiffs were Jhon Lora, Luis Medina, Craig Alford, Justin Coate, Christopher J. Klement, Miguel Eduardo Rosario, Howard Wolfe, and Damaon Webster. *See* Doc. 1 at 1, 2.

[4]   Doc. 1 at 5-9.

[5]   *See id.* at 7.

[6]   *Id.* at 9.

On October 13, 2020, the Court[7] dismissed the complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii), finding that the plaintiffs' Section 1983 claims were

barred by the Supreme Court's decision in *Heck v. Humphrey*.[8]  Only one plaintiff,

Craig Alford, appealed.[9]  The United States Court of Appeals for the Third Circuit

vacated the October 13, 2020 judgment and remanded for further proceedings as to

Alford's Section 1983 claim involving failure to timely arraign, holding only that it

was not barred by the favorable termination rule in *Heck v. Humphrey*.[10]

On remand, this Court reviewed the complaint to determine if it stated a

claim for relief absent any *Heck v. Humphrey* bar.  On December 8, 2021, the

Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

to state a claim.[11]  Specifically, the Court determined that the complaint did not

plead facts plausibly establishing how the named Defendants had violated the

Fourteenth Amendment.[12]  The Court dismissed the complaint but granted leave to

amend.[13]

---

[7]   This case was previously assigned to the Honorable John E. Jones III.  It was transferred to the undersigned following remand by the United States Court of Appeals for the Third Circuit and Chief Judge Jones' August 1, 2021 retirement from the federal bench.

[8]   512 U.S. 477 (1994).

[9]   *See* Doc. 51.  As the Third Circuit noted, only Alford signed the notice of appeal and thus only Alford's claim was considered by the panel.  *See Lora v. Lt. Baylor*, 853 F. App'x 801, 802 n.1 (3d Cir. 2021) (mem.) (nonprecedential).

[10]  *Lora*, 853 F. App'x at 803 & n.4.

[11]  *See generally* Docs. 68, 69.

[12]  *See* Doc. 68 at 4-5.

[13]  Doc. 69.  The Court additionally explained that, "[t]o the extent that the Third Circuit's decision vacating the October 13, 2020 judgment applies to all plaintiffs and not just Alford (who alone successfully appealed dismissal of his Section 1983 claim), the same reasoning

In December 2021, Alford filed an amended complaint.  He again attempted

to file for himself and on the behalf of other plaintiffs, but those other plaintiffs

were dismissed from this action on January 14, 2022, for failure to file amended

complaints.[14]  In that January 14 dismissal order, the Court also explicitly noted

that "non-lawyer *pro se* litigants [like Alford] cannot represent other parties in

federal court,"[15] and that because the "amended complaint is signed only by

Alford[,] it applies only to his own claims."[16]

Defendants subsequently moved to dismiss Alford's amended complaint.[17]

In a detailed opinion, the Court dismissed many of Alford's claims but permitted

the following to proceed: (1) Alford's official capacity Fourteenth Amendment due

process claim against defendant Haidle, and (2) Alford's individual capacity

Fourteenth Amendment due process claims against defendants Baylor, Armond,

and Haidle.[18]

---

provided herein requires dismissal of those plaintiffs' constitutional tort claims as well."  Doc.
68 at 5 n.19.

[14]  *See* Doc. 76.

[15]  *Id.* (citing *In re Cook*, 589 F. App'x 44, 46 (3d Cir. 2014) (nonprecedential) (citing 28 U.S.C.
§ 1654; *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991))).

[16]  *Id.*

[17]  Doc. 79.

[18]  *See generally* Docs. 87, 88.

Alford now moves to compel discovery and for sanctions,[19] for declaratory judgment,[20] and for summary judgment.[21]  The motions are fully briefed and ripe for disposition.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[22]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[24]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[25]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[26]  This evidence, however, must be

---

[19]   Doc. 105.

[20]   Doc. 110.

[21]   Docs. 112, 127.

[22]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[23]   FED. R. CIV. P. 56(a).

[24]   *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

[25]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[26]   *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).

adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[27]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[28]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[29]

## III.   DISCUSSION

Defendants oppose each of Alford's motions.  The Court will first address Alford's motion to compel discovery and for sanctions, then turn to his motions for declaratory and summary judgment.

### A.     Motion to Compel

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the district court's discretion.[30]  Thus, the Court's decisions regarding the conduct of discovery, including whether to compel disclosure of materials sought in discovery, will only be disturbed upon a showing of an abuse of discretion.[31]  A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim

---

[27]  *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

[28]  *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).

[29]  *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

[30]  *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

[31]  *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

or defense and proportional to the needs of the case."[32]  Rule 26(b)(1) provides for

a broad scope of discovery.  Accordingly, courts often—and appropriately—

liberally apply discovery rules.[33]  Nevertheless, a "valid claim[] of relevance or

privilege" operates to restrict a court's otherwise broad discretion under Rule

26(b)(1).[34]

Alford's handwritten filings are difficult to parse.  In his motion to compel

discovery and for sanctions, it appears that he claims to have sought to schedule a

deposition of one or several Defendants in October 2022,[35] but that defense

counsel did not respond to his request or produce the party witnesses at the date

and time unilaterally set by Alford.[36]  Alford asks the court to compel "disposition"

of Defendants (which the Court interprets to mean "deposition" of Defendants),

and further seeks "fees for an oath administrator, stenographer, and

videographer."[37]

Defendants respond that, despite Alford's assertions to the contrary, they

have remained in contact with him regarding discovery matters, have explained to

him that they are not opposed to him taking the deposition of one or all remaining

---

[32]   FED. R. CIV. P. 26(b)(1).

[33]   *See Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)).

[34]   *See McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

[35]   *See* Doc. 105 at 2-3.

[36]   *See, e.g.*, Doc. 111-2 at 2 (handwritten "notice of deposition" from Alford attempting to unilaterally schedule a deposition on October 3, 2022, of "Haidle, Baylor, [and] Sgt. Armond").

[37]   Doc. 105 at 1; Doc. 105-1.

Defendants, and have further explained to him that he would be required to hire

and pay for a court reporter to transcribe any such deposition(s).[38]

Alford does not seem to understand that he is responsible for the costs of

civil discovery.[39]  That includes paying for a court reporter (and any other costs)

for a deposition.  Thus, if Alford desires to depose one or all of the remaining

defendants, he must secure and pay for a court reporter for each deposition and

must work *amicably* with defense counsel to establish a date and time for said

deposition (for one Defendant at a time) that is convenient for both parties and for

Alford's facility of incarceration.  Alford will additionally need to move to extend

the discovery deadline in this case, which closed on January 20, 2023.[40]

Accordingly, Alford's motion to compel and for sanctions (and, to the extent

requested, for payment of deposition costs by the Court) will be denied.

---

[38] *See* Doc. 117 ¶¶ 3-4; Doc. 117-1.

[39] *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (explaining that witness fees and costs are not underwritten or waived for indigent civil rights plaintiffs proceeding under 28 U.S.C. § 1915); *Brooks v. Quinn & Quinn*, 257 F.R.D. 415, 417 (D. Del. 2009) ("Although plaintiff is proceeding *in forma pauperis*, the court has no authority to finance or pay for a party's discovery expenses. . . .  It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); *cf. Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (explaining that there is no "legislative provision" for expert witness fees for indigent civil rights plaintiffs).

[40] *See* Doc. 92 ¶ 1.  Because Alford filed his motion to compel prior to the close of discovery, the Court notes that there would be good cause for such an extension, if requested.

### B.    Motions for Declaratory and Summary Judgment

Alford's motions for declaratory judgment and summary judgment can be addressed, and denied, together.  That is because there are obvious disputes of material fact present in the instant case[41] and neither declaratory or summary judgment is appropriate at this time.  By way of example, Alford claims that his Fourteenth Amendment due process rights were infringed by Defendants because he was held in pretrial detention for too long in violation of Pennsylvania Rule of Criminal Procedure 600(B)(1).  But Defendants assert that, because of the COVID-19 pandemic, "Monroe County [Court of Common Pleas] President Judge Worthington suspended Rule 600 from March 16, 2020, through June 30, 2021."[42] If a state-created rule of criminal procedure is the basis for the Fourteenth Amendment liberty interest,[43] and that rule is suspended, as Defendants claim, due to an international pandemic, there is obviously a dispute of material fact regarding whether a liberty interest exists and whether any constitutional right has been infringed.

Additionally, Defendants contend that Alford submitted two petitions for "bail modification and release" to the Court of Common Pleas of Monroe County,

---

[41]    This is true despite Defendants' claim to the contrary that "there are no issues of material fact that would prevent the court from issuing summary judgment, but for the defendants."  Doc. 118 at 1.

[42]    Doc. 119 at 5; Doc. 121 at 3.

[43]    *See Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1475 (9th Cir. 1992).

which rejected those petitions.[44]  This factual issue likewise informs the question

of whether MCCF officials' actions infringed Alford's Fourteenth Amendment

rights.  To wit: if Alford was seeking bail modification and pretrial release from

the state court pursuant to the Pennsylvania Rules of Criminal Procedure, and the

court specifically denied that relief and provided valid legal reasons for doing so, it

would be difficult (if not impossible) to establish that Defendants' actions caused

the alleged constitutional deprivation.[45]

       To the extent that Defendants assert that summary judgment should be

granted "for the defendants,"[46] or that they are entitled to qualified immunity, they

are free to properly assert such arguments through their own Rule 56 motion that

complies with the Federal Rules of Civil Procedure and the Local Rules of Court.[47]

As it stands, Defendants are not the "moving" party[48] and have simply opposed

Alford's motions for declaratory and summary judgment, which motions will be

denied for the above-stated reasons.

---

[44]  Doc. 121 at 8.

[45]  It is well settled that, for Section 1983 liability to obtain, the purported unconstitutional conduct must proximately cause the alleged injury.  *See Martinez v. California*, 444 U.S. 277, 285 (1980) (explaining that, for Section 1983 claims, which are "a species of tort liability," the alleged constitutional violation must have "proximately caused" plaintiff's injury); *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000) ("It is axiomatic that [a] § 1983 action, like its state tort analogs, employs the principle of proximate causation." (internal quotation marks and citation omitted)) (collecting cases).

[46]  Doc. 118 at 1.

[47]  The Court notes that Defendants have recently filed their own motion for summary judgment. *See* Doc. 136 (filed March 10, 2023).

[48]  *See* Doc. 121 at 9 (describing themselves, inaccurately, as the "moving defendants").

## IV.   CONCLUSION

Based on the foregoing, the Court will deny Alford's motion to compel discovery and for sanctions (Doc. 105), motion for declaratory judgment (Doc. 110), and motion for summary judgment (Doc. 112).  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge