IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT

IN RE: ALFORD V. BAYLOR, etal. #1:20-CV-1987

FILED
WILLIAMSPORT
APR 04 2023
PER IVK DEPUTY CLERK

STATEMENT OF FACTS TO DENY DEFENDANTS
MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE, JUDGES OF SAID COURT:

PLAINTIFF AGAIN AVERS PURSUANT TO LR. 56.1
THAT THE FOLLOWING FACTS ARE IN DISPUTE AND
THIS COURT SHOULD GRANT PLAINTIFF MOTION FOR
SUMMARY JUDGMENT.

(1) ON MAY 28, 2020, I WAS CHARGED WITH 2 FELONIES (18 §6106 §A1) 18 §5126 §A)
AND 1 MISD. (18 §6105 §A1) BECAUSE THE D.A.
BECAUSE OF THESE INCORRECT CHARGES THE D.A.
AMENDED THE INFORMATION REMOVING 18 §5126§§A AND
PROPERLY CHARGING §6105 AS A M2 (NOT F1) AND 6106
M1 (NOT A F3). AND BEFORE TRIAL ADDED 18 §2707.1§§A
THIS I WAS FOUND NOT GUILTY OF. DISPUTE THIS
CASE BEING A CASE OF SELF DEFENSE OF MYSELF
AND OTHERS. (SEE DEF. EXHIBIT A, PAGE 4, DOC. 137-1).

(2) ON JUNE 7, 2020 I WAS ARRESTED AND PLACED IN
MCCF

(3) BAIL WAS SET AT $100,000, BUT, I DISPUTED THIS
CRIME MITIGATION AS IT'S A SELF-DEFENSE CASE
OF MYSELF AND OTHERS ACKNOWLEDGED BY THE D.A. (SEE
PLAINTIFF EXHIBIT X-2)

(4) PLAINTIFF HAD CROSS-INEFFECTIVE ASSISTANCE OF
COUNSEL AND DUE TO THIS 6TH AMEND VIOLATION
TO PRESERVE MY RIGHTS I HAD TO FILE MY OWN
PRETRIAL MOTIONS DUE TO COUNSEL FAILING TO
PARTICIPATE IN PRETRIAL. (SEE DEF. EXHIBIT A, 137-1
DOC.) INCLUDING #1 BAIL TO 600(B)(1),(C)(2).

(5) DURING JURY SELECTION I ASSERTED AN AFFIRMATIVE
DEFENSE OF SELF-DEFENSE ON MAY 4, 2021 (N.T.) BECAUSE
THE EVIDENCE WARRANTED A SELF-DEFENSE JURY
INSTRUCTED. AND I WAS DENIED. WHEN THE U.S. SUPREME
COURT STATED YOU CANNOT DO THIS AS IT UPSETS THE
U.S. CONSTITUTION.

(6) DISPUTE AN UNFAIR TRIAL IN VIOLATION OF THE 6TH +
14TH AMEND OF THE U.S. CONST. /PA CONST. (INEFFECTIVE
ASSISTANCE OF COUNSEL, A JUDGE REFUSING TO INSTRUCT THE
JURY ON SELF DEFENSE, A D.A. WHO WITHHELD EVIDENCE TO
MY FAVOR, A WITNESS WHO RECANTED HER TESTIMONY
'SEE EXHIBIT X-2 ENCLOSED) AMONGST OTHER THINGS
I WAS FOUND GUILTY OF §6108, §6106. I CURRENTLY HAVE
ALL CLAIMS BEFORE THE SUPREME COURT OF PA (
COMM. V. ALFORD, 9 MM 2023), 21 MT 2022 INCLUDING
REMOVAL OF CURATIO WHO FAILED TO RAISE ALL CLAIMS.
AND FAILED TO PERFECT DIRECT APPEAL.

(7) THE SENTENCE JULY 22, 2021 IS ILLEGAL BECAUSE THE
MAXIMUM FOR F2 VOS IS 5-10 YEARS, AND FOR SENTENCING
PURPOSES (606 MORES DUE TO THE IMPROPER GRADING
IT ENHANCE THE SENTENCE DISPITE DET. DOBSON STATING
HE WOULD TALK TO THE D.A. FOR LENIENCY.

(8) I DID RECEIVE CREDIT FOR ALL TIME SERVED

(9) I AM CURRENTLY BEFORE THE SUPREME COURT AS MY
APPEAL TO THE SUPERIOR COURT WAS NOT PERFECTED
NOR WAS ALL ISSUE PRESERVED RAISED.

(10) THE SUPERIOR COURT DEC 15 2022 DECISION IS IN
CONFLICT WITH THIS COURT, 3RD CIRCUIT, AND U.S. SUPREME
COURT I DISPUTE

(11) I CURRENTLY HAVE 10 GRANDS FOR RELIEF (SEE 6
ABOVE) INCLUDING CURATIOS REMOVAL @ 9 MM 2023 WHICH
I SUPPORTED WITH EVIDENCE FOR HIS REMOVAL @ 21 MT 2022
AND I PLAN TO BE SUCCESSFUL IN THE SUPREME COURT

(12) CURATIO RAISED INEFFECTIVENESS, AND TOLD ME TO WAIVE
MY PRELIMINARY OR I WILL BE PERSECUTED. CURATIO HAS
VIOLATED 6TH AMEND.

(13) CURATIO FAILED TO BEGIN PRETRIAL, HAS NOT REPRESENTED ME
I'VE SECURED MY RIGHTS BY MAKING A RECORD AND CURATIO
HAS NOT REPRESENTED ME THROUGHOUT THE COURSE OF MY
CASE. (SEE DET. DOC. (37-1) PAGE 7 - 90 WITH CRAIG
ALFORS — GEORGE WORKOL NAMES)

MY PRETRIAL INCARCERATION

(14) I WAS ARRESTED JUNE 7, 2020 AND ON JULY 9, 2020
WHICH THE 10 DAYS AFTER THE INFORMATION WAS FILED
I FILED A GRIEVANCE INDICATING MY CONFINEMENT AND

HAD IN BAY/OP, AND ARGUED ALL LEVELS UNTIL
FINAL I WAS TOLD "SEE MY LEGAL TEAM" CITING 571(A)
AND CONSTITUTIONAL VIOLATIONS.

(15) WHEN MY 180 DAYS EXPIRED TO 600(B)(1) I FILED ANOTHER
GRIEVANCE AND HAD IN, BAY/OP, AND ARGUED ANI EVERY
LEVEL UNTIL FINAL TOLD ME TO "SEE MY LEGAL TEAM"
AND I FILED MY GRIEVANCE ON OR AROUND DEC 10, 2020

(16) MY PRETRIAL INCARCERATION RELATED 600(B)(1) NOT
600(A) AS 180 DAY RULE, SPEEDY TRIAL EXPIRES 12.4.20
AND COOTE, MEDINA, AND BEERS OUT OF MONROE COUNTY
COURTHOUSE GOT #1 BAIL SUMMER, 2020 DURING
THE PANDEMIC. THE COURT ONLY CLOSES IN COURT
APPEARANCE DUE TO COVID-19 PANDEMIC, BUT TO
MEET OUR CONSTITUTIONAL REQUIREMENTS TO USE ACT AS
MONROE COUNTY CORRECTIONAL FACILITY WAS USING
IP ADDRESS, ETU, ZOOM.

        PANDEMIC ONLY CLOSED IN COURT
        APPEARANCE AT 600(B)(1) MUST
        MEET CONSTITUTIONAL
        REQUIREMENTS

(17) COOTE, MEDINA AND BEERS WAS ALSO CONFINED
IN THE BEGINNING OF THE PANDEMIC AND GOT
#1 BAIL TO 600(D)(2). DEFENDANTS CANNOT USE THE
PANDEMIC TO VIOLATE MY CONSTITUTIONAL RIGHTS.
AND AS THEIR EXHIBIT 157-1, PAGE 124-126 AND
THE COURT AUTHORIZED THEM TO USE ACT IN ALL
CRIMINAL PROCEEDINGS, TO MEET OUR CONSTITUTIONAL
REQUIREMENTS, AND DEFENDANTS POINT THAT THEY
ACKNOWLEDGE PAGE 4(B) IN THEIR SELF EXHIBITS #187

(18) I ALSO SUBMITTED THE IN GENERAL STATEWIDE
EMERGENCY PROVING OUR CONST. REQUIREMENTS MUST BE
MET. AND ONLY CLOSED IN COURT APPEARANCE BUT OUR
CONSTITUTIONAL RIGHTS CANNOT BE INFRINGED ON. CITING
BOTH AMEND VIOLATIONS THAT BECAME AFFECTIVE 12.4.20

(19) THE 180 TIME FRAME STILL APPLIES, AND IF ANY
TRIAL WERE TO BE CONDUCTED, STRICT PROTOCOLS
MUST BE FOLLOWED; MASK, 6FT SOCIAL DISTANCING ETC.

                    3

(20) GEIGER IS MISPLACED IF HE THINKS SPEEDY TRIAL, 6TH AMEND, BOOKER DOES NOT CONTROL WHICH U.S./PA CONSTITUTIONAL. YOU CANNOT INFRINGED ON THE FED. CONSTITUTION OF U.S. CITIZENS.

(21) THE U.S. SUPREME COURT IS THE LAW OF THE LAND AND MUST BE FOLLOWED. IF DEFENDANTS VIOLATE SUCH, I CAN SEEK REDRESS FOR THESE CONST. VIOLATIONS BY STATE OFFICIALS. GONZAGA UNIV. V. DOE, 536 U.S. 273, 284-85 (2002) WITHOUT A WRIT I DID, EXHAUSTED, WAS DENIED. THE 1983 CIVIL COMPLAINT FOLLOWS.

MY ATTEMPTS TO SECURE MY
RIGHTS TO #1 BAIL AS OTHERS
SIMILARLY SITUATED
RECEIVED

(22) THE BAIL GIVEN BY ANZIANI WAS EXCESSIVE DUE TO THIS IS A CASE OF SELF-DEFENSE OF MYSELF AND OTHERS. I WAS SHOT AT AND I RETURNED FIRE WITH MY LEGALLY PURCHASED FIREARM IN SELF DEFENSE.

(23) I FILED A WRIT OF HABEAS CORPUS ABOUT 6.6, AND ON 6.10.20 DET. DOBSON CAME TO SEE ME AND I DID NOT ASK TO SEE HIM. (SEE N.T. JUNE 10, 2020 @ 2 PM) N.T. PAGE 4, 8-21 PAGE 10, 2-8 - 11;12 - ALSO PAGE 3(1) PAGE 17,18-23 HE STATED HE WOULD TALK TO THE D.A. BECAUSE OF MY COOPERATION, ON 6.9.21 DOBSON + D.A. CAME TO SEE ME LABELING ME THE VICTIM AND FOR 1-5 YEARS I SHOULD TESTIFY AGAINST CARL FOR RELEASED AND EVEN RELEASED ON THIS DET.

(24) ON DET. DOC. 137-1 PAGE 24, 25, 29, 31, 32, 33, 37 (PAGE 39 802) I HAD TO REMANDED TO REVOKE CUSTODIO BUT FAIL ON DETAIL, PAGE 41 CUSTODIO FINALLY FILES AFTER RELEASE, PAGE 42, 43, PAGE 44, PAGE 45, PAGE 46, PAGE 47, PAGE 48, PAGE 51, PAGE 52 CUSTODIO FILES, PAGE 54 CUSTODIO FILES, PAGE 56, PAGE 58 I FOUGHT FOR MY INHABITED RIGHTS CITILE 6TH AMENDS VIOLATION AND VIOLATION OF 800(B)(1), SOUGHT RELIEF TO 600(D)(2) AND MY REQUEST FOR BAIL MODIFICATION WAS DENIED, IN PACE, I DIDN'T HAVE (1) BAIL REDUCTION, REMANDED, IF I DO NOT LEAVE MY PRELIM I WILL BE PRESSURED

4.

HOWEVER, I PRESERVED MY RIGHTS BEEN GIVEN MY BAIL AS VIOLATED AND I SHOULD OF BEEN GIVEN MY BAIL AS COOPER, MEDINA, AND BEEN COURT OUT OF MONROE COUNTY.

(25) I FILED WAY MORE BAIL MODIFICATION WITH DEF. d-3 IN THERE STATEMENT OF FACTS ¶ 21. AND BECAUSE I AM ARGUING ON BOTH ANGELS. SPEEDY TRIAL, AND 600(B)(1),(D)(2) I WAS SEEKING MY RIGHTS AS A U.S. CITIZEN I NEVER WAIVED.

(26) I SHOULD OF BEEN RELEASED, WHILE, NOTIFIED DEFENDANTS WHO DID NOTHING.

(27) I SEEK COMPENSATORY & PUNITIVE DAMAGES FOR EACH DAY I DID BEYOND 10 DAYS AFTER THE INFORMATION FILED, LY FOR EACH DAY I DID OVER 180 DAYS IN PRETRIAL INCARCERATION.

(28) I AM SEEKING DAMAGES FOR EVERY DAY I DID BEYOND THE TIME FRAME REQUIRED BY AND I DO NOT SEEK MONEY DAMAGES AFTER 9.2.20 AND MAY 10, 2021. I SEEK DAMAGES FOR THESE SPECIFIC DAYS AND MY CREDIT HAS NOTHING TO DO WITH THESE PRETRIAL CONSTITUTIONAL VIOLATIONS.

(29) NO, I SUED HADDLE, ARNOLD, AND BAYLOR, FOR HOW THEY TREATED MY GRIEVANCE. FAILED TO INVESTIGATE ACTUALS OF INACTION. MINIMIZED APPROACH TO MY CLAIMS OF CONSTITUTIONAL VIOLATION, EXCESSIVE CONFINEMENT CLAIMS. AND THEY BECAME LIABLE WHEN THEY TOLD ME TO SEE MY LEGAL TEAM.

(30) HADDLE AS A POLICYMAKER HAD AUTHORITY TO INTERVENE ) AS WELL AS BAYLOR AND ARNOLD CONCERNING MY EXCESSIVE CONFINEMENT CLAIMS, DID NOTHING AND THEY ARE LIABLE. THEY SHOULD OF INVESTIGATED MY CLAIMS

(31) HADDLE, ARNOLD, BAYLOR DID NOTHING, KNEW OF MY COMPLAINT, AND FAILED TO ACT AS THEY EACH SIGNED MY GRIEVANCE REPLY AT 1ST, 2ND, AND FINAL LEVEL

5

(32) HHIDLE, ALMAND, AND BAYLOR COULD OF INVESTIGATED MY CLAIMS, DIDN'T, SO THEY BECAME LIABLE.

(33) IF HHIDLE, ALMAND, AND BAYLOR WOULD OF INVESTIGATED MY CLAIMS, HIDE SOME CALLS, FOUND OUT WHY I DIDN'T GET MY BAIL AS COVTE, MEDINA, AND BEGER COURT MAYBE WE COULD NOT BE HERE, BUT THEY DIDN'T, THESE IN ACTIONS RESULTS IN MY EXCESSIVE PRETRIAL CONFINEMENT AND VIOLATIONS OF MY 14TH AMEND RIGHTS. AS THEY HAVE A POLICY TO DENY GRIEVANCES BECAUSE THEY CAN.

(34) I HAVE IDENTIFIED A POLICY AND GRIEVANCE PROCEDURES I FOLLOWED, WAS DENIED AT ALL LEVELS, THE 1983 SUIT FOLLOWING, AND THESE DENIALS WAS THE MOVING FORCE.

(35) HERE WHERE GELTER IS COUNT HHIDLE, WARDEN @ MCCF, BAYLOR KN LEVEL GRIEVANCE REPLY, ALMAND 2ND LEVEL REPLY, HHIDLE BE FINAL LEVEL, THIS COURT ALREADY INFERRED THAT HHIDLE, HAD DECISION MAKING AUTHORITY TO ESTABLISH POLICY AT MCCF AND COULD BE RESPONSIBLE FOR CREATING & ADOPTING A POLICY OF INACTION THAT DID NOT DEFECT MISSED PRELIMINARIES AT TRIALS I FURTHER SUBMIT SATISFIED THE 3 ELEMENTS TO PLAUSIBLY STATE A CLAIM (1) PRISON OFFICIALS HAD KNOWLEDGE OF MY CONDITIONS, AND THUS, WAS AWARE OF THE RISK THAT UNWARRANTED PUNISHMENT WAS BEING INFLICTED (2) PRISON OFFICIALS EITHER FAIL TO ACT OR TOOK ONLY INEFFECTUAL ACTIONS UNDER CIRCUMSTANCES INDICATED THAT THIS RESPONSE TO THE PROBLEM WAS A PRODUCT OF DELIBERATE INDIFFERENCE TO MY PLIGHT; (3) THAT THERE WAS A CAUSAL CONNECTION BETWEEN THE OFFICIALS RESPONSE, " SEE YOUR LEGAL TEAM", TO THE PROBLEM AND THE INFLICTION OF THE UNJUSTIFIABLE DETENTION CITING SAMPLE V. DIECKE, 885 F2d @ 1110.

AND THESE ALLEGATIONS (1) FILES GRIEVANCES MADE
BAYLOR AND ADMINS FAILED TO INVESTIGATE, (2) DEF. FAILED
TO ACT, (4) TOLD ME TO SEE MY LEGAL TEAM, AND
THIS COURT RULES THESE ALLEGATIONS SATISFIES A
PLEADING REQUIREMENT OF A WRONGFUL PRETRIAL
DETENTION CLAIM, AND THERE INACTION CAUSES ME
TO REMAIN IN PRETRIAL DETENTION WITHOUT A
TIMELY ARRAIGNMENT TO 5?(A), AND PAST 180 DAYS
TO WOOSBO (ALSO SEE (and amends/PA conline.). AND
RELYING ON OVIATT COURT, THESE INACTION OF
FAILURE TO TAKE ANY ACTION TO ALLIEVIATE THE
PROBLEMS, I WAS HAVING (AS OTHERS), OF DETENTION
MISSED ARRAIGNMENT, TRIALS WHICH POLICY IMPLICATE
MUNICIPAL LIABILITY AND EVIDENCE DELIBERATE
INDIFFERENCE TO MY CONSTITUTIONAL RIGHTS. (USE
ACT TO MEET CONST REQUIREMENTS -IN GEN. SCATE
WIDE EMERGENCY)

(36) NO. MONROE COUNTY OFFICIALS SHOULD HAVE OF
POLICY TO ACT ON GRIEVANCES FILES TO THEM,
ESPECIALLY WHEN ONE IS QUOTING THE U.S.
CONSTITUTION AND OTHERS SKILLFULLY SITUATED GOT
$1 BAIL IN THE EPIDEMIC. THEY SHOULD HAVE
A POLICY OF ACTION, INVESTIGATED TO GRIEVANCE
FILES TO THEM BECAUSE EVERY GRIEVANCE HAS
WEIGHT AND IS NOT FRIVOLOUS.

(37) DEFENDANTS HAD THE LEGAL AUTHORITY TO ADD
A POLICY OF INTERNAL, MINIMALISE APPROACH, FAILURE
TO INVESTIGATE, THEY HAVE A RELEVANCE PROCEDURE
IN PLACE, AND BECAUSE THEY DID NOTHING BUT
TOLD ME TO SEE MY LEGAL TEAM, THEY BECAME
LIABLE.

28) THEY WILL NOT SUBMIT DISCOVER, PRODUCTION OF
DOCUMENTS, INTERROGATORIES, REQUEST FOR ADMISSION, I SUE
THE COURT INTERVENTION THERE MOTION FOR SUMMARY
JUDGMENT SHOULD BE DENIED AS THIS IS THE
STATEMENT OF FACTS SUPPORT JUDGMENT IN MY FAVOR
RESPECTFULLY SUBMITTED
CRAIG ALLEN
7.                                                3·16·23