IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALFORD, | No. 1:20-CV-01787 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LEA BAYLOR, *et al.*, | |
| Defendants. | |

# MEMORANDUM OPINION

### OCTOBER 19, 2023

Plaintiff Craig Alford filed this *pro se* Section 1983[1] action, alleging constitutional violations during his pretrial detention at Monroe County Correctional Facility in Stroudsburg, Pennsylvania. Presently pending is Defendants' motion for summary judgment on all remaining claims pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court will grant Defendants' Rule 56 motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.      FACTUAL BACKGROUND[2]

On June 7, 2020, Alford was arrested pursuant to a state criminal complaint charging him with multiple felonies related to various firearms offenses.[3] That same day, he was placed into pretrial detention at Monroe County Correctional Facility (MCCF) in Stroudsburg, Pennsylvania, with his bail set at $100,000.[4] Alford remained in pretrial detention at MCCF until his jury trial in May 2021, at the conclusion of which he was convicted on several felony charges and subsequently sentenced to 156 to 324 months' incarceration.[5]

---

[2] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendants filed their statement of material facts concurrently with their motion for summary judgment. *See* Doc. 137. Instead of responding to this statement, as required by Rule 56.1, Alford filed his own statement of facts that does not correspond to the movant's statement and includes numerous additional paragraphs. *See generally* Doc. 150. Alford's filing is not permitted by Rule 56.1. *See Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (explaining that separate, nonresponsive statement of facts by nonmovant is "neither contemplated nor permitted by the Local Rules"). Moreover, most of Alford's statements of facts are not supported by references to the record, as required by the rule. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (explaining that Local Rule 56.1 "is essential to the Court's resolution of a summary judgment motion due to its role in organizing the evidence, identifying undisputed facts*, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence.*" (emphasis supplied) (internal quotation marks and citations omitted)). In fact, only 6 of Alford's 38 paragraphs contain record citations. *See* Doc. 150 ¶¶ 1, 3, 4, 13, 17, 24. Thus, Defendants' statement of material facts will be considered admitted unless properly rebutted or plainly contradicted by the record. *See* LOCAL RULE OF COURT 56.1.

[3] Doc. 137 ¶¶ 1-2.
[4] *Id.* ¶¶ 2-3.
[5] *Id.* ¶¶ 4, 5, 11.

This civil action was originally commenced on October 1, 2020, by eight plaintiffs[6] who—at that time—were all pretrial detainees at MCCF. The complaint was styled as a "class action," seeking to bring collective Section 1983 claims against four defendants—three prison officials at MCCF and the Monroe County prothonotary (or clerk of court). The gravamen of the complaint was that the plaintiffs were being unlawfully held in pretrial detention and without arraignment longer than permitted by various Pennsylvania Rules of Criminal Procedure, thus violating the plaintiffs' constitutional rights.[7] According to the allegations, some plaintiffs were being held in pretrial detention longer than allowed after the filing of a criminal complaint (in violation of Rule 600), and others were being held in pretrial detention too long without arraignment (in violation of Rule 571).[8] The plaintiffs specifically noted that they were not "seeking release [from] custody," only monetary damages for the purported illegal pretrial confinement.[9]

On October 13, 2020, the Court[10] dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding that the plaintiffs' Section 1983 claims were barred by the Supreme Court's decision in *Heck v. Humphrey*.[11] Only one

---

[6]  Those plaintiffs were Jhon Lora, Luis Medina, Craig Alford, Justin Coate, Christopher J. Klement, Miguel Eduardo Rosario, Howard Wolfe, and Damaon Webster. *See* Doc. 1 at 1, 2.
[7]  Doc. 1 at 5-9.
[8]  *See id.* at 7.
[9]  *Id.* at 9.
[10] This case was previously assigned to the Honorable John E. Jones III. It was reassigned to the undersigned following remand by the United States Court of Appeals for the Third Circuit and Judge Jones' August 1, 2021 retirement from the federal bench.
[11] 512 U.S. 477 (1994).

3

plaintiff, Craig Alford, appealed.[12] The United States Court of Appeals for the Third Circuit vacated the October 13, 2020 judgment and remanded for further proceedings as to Alford's Section 1983 claim involving failure to timely arraign, holding only that it was not barred by the favorable termination rule in *Heck v. Humphrey*.[13]

On remand, this Court reviewed the complaint to determine if it stated a claim for relief absent any *Heck v. Humphrey* bar. On December 8, 2021, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[14] Specifically, the Court determined that the complaint did not plead facts plausibly establishing how the named Defendants had violated the Fourteenth Amendment.[15] The Court dismissed the complaint but granted Alford leave to amend.[16]

In December 2021, Alford filed an amended complaint. He again attempted to file for himself and on the behalf of other plaintiffs, but those other plaintiffs were dismissed from this action less than a month later for failure to file amended

---

[12] *See* Doc. 51. As the Third Circuit noted, only Alford signed the notice of appeal and thus only Alford's claim was considered by the panel. *See Lora v. Lt. Baylor*, 853 F. App'x 801, 802 n.1 (3d Cir. 2021) (mem.) (nonprecedential).
[13] *Lora*, 853 F. App'x at 803 & n.4.
[14] *See generally* Docs. 68, 69.
[15] *See* Doc. 68 at 4-5.
[16] Doc. 69. The Court additionally explained that, "[t]o the extent that the Third Circuit's decision vacating the October 13, 2020 judgment applies to all plaintiffs and not just Alford (who alone successfully appealed dismissal of his Section 1983 claim), the same reasoning provided herein requires dismissal of those plaintiffs' constitutional tort claims as well." Doc. 68 at 5 n.19.

complaints.[17]  In its dismissal Order, the Court explicitly noted that "non-lawyer *pro se* litigants [like Alford] cannot represent other parties in federal court,"[18] and that because the "amended complaint is signed only by Alford[,] it applies only to his own claims."[19]

In his amended complaint, Alford alleged that his Fourteenth Amendment due process rights[20] were violated when he was not timely arraigned pursuant to Pennsylvania Rule of Criminal Procedure 571(A) and when he was not released on nominal bail after 180 days of pretrial detention pursuant to Rule 600(B)(1).[21]  Defendants moved to dismiss Alford's amended complaint.[22]  In a lengthy opinion, the Court dismissed many of Alford's Section 1983 claims but permitted the following to proceed: (1) Alford's official capacity Fourteenth Amendment procedural due process claim against warden Garry Haidle based on an alleged unconstitutional policy at MCCF, and (2) Alford's individual capacity Fourteenth

---

[17]  *See* Doc. 76.
[18]  *Id.* (citing *In re Cook*, 589 F. App'x 44, 46 (3d Cir. 2014) (nonprecedential) (citing 28 U.S.C. § 1654; *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991))).
[19]  *Id.*
[20]  Alford also attempted to invoke the Eighth Amendment but, as the Court has explained on multiple occasions, because he is alleging a *pretrial* deprivation by state actors, his claims implicate only the Fourteenth Amendment.  *See* Doc. 68 at 3; Doc. 87 at 6 (citing *Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014)).
[21]  *See* Doc. 73 ¶¶ 9-12.
[22]  Doc. 79.

Amendment procedural due process claims against defendants Lea Baylor, Gregory Armond, and Haidle.[23]

Alford subsequently moved for declaratory judgment and summary judgment,[24] but those motions were denied because numerous material facts remained in dispute.[25] Defendants now move for summary judgment on all remaining claims.[26] The motion is fully briefed and ripe for disposition.

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[27] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[29]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a

---

[23] *See* Doc. 87 at 8-16.
[24] Docs. 110, 112.
[25] *See* Doc. 139 at 9-10.
[26] Doc. 136.
[27] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[28] FED. R. CIV. P. 56(a).
[29] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

genuine issue for trial."[30] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[31] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[32] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[33] Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[34]

## III. DISCUSSION

As noted above, Alford alleges that his Fourteenth Amendment due process rights were violated when he was not timely arraigned pursuant to Pennsylvania Rule of Criminal Procedure 571(A) and when he was not released on nominal bail after 180 days of pretrial detention pursuant to Rule 600(B)(1). Defendants raise a host of Rule 56 arguments, but only a few of them warrant discussion.

To establish a Section 1983 claim for infringement of procedural due process rights, a plaintiff must prove that "(1) he was deprived of an individual

---

[30] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[31] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[32] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[33] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[34] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[35]  "Protected liberty or property interests generally arise either from the Due Process Clause or from state-created statutory entitlement."[36]  If, however, a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end.[37]

### A.    Alleged Rule 571 Violation

Pennsylvania Rule of Criminal Procedure 571 generally governs the arraignment process.[38]  In particular, Rule 571(A) states, "Unless otherwise provided by local court rule, or postponed by the court for cause shown, arraignment shall take place no later than 10 days after the information has been filed."[39]  Alford alleges that his criminal information was filed on June 29, 2020; that, according to Rule 571(A), he should have been arraigned no later than July 9, 2020; and that he was not arraigned until September 2, 2020.[40]  This timing is

---

[35] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).
[36] *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000) (citing *Board of Regents v. Roth*, 408 U.S. 564, 575 (1972)).
[37] *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).
[38] *See* PA. R. CRIM. P. 571; 42 PA. CONS. STAT. § 8703.
[39] PA. R. CRIM. P. 571(A).  The Comment to Rule 571 also provides that "[u]nder paragraph (A), in addition to other instances of "cause shown" for delaying the arraignment, the arraignment may be delayed when the defendant is unavailable for arraignment within the 10-day period after the information is filed."
[40] Doc. 73 ¶ 9.

confirmed by the docket in Alford's state criminal case.[41]

First, to the extent that Alford is asserting an official capacity claim against defendant Haidle for an unconstitutional municipal policy concerning untimely arraignment, Alford has not carried his Rule 56 burden. That is because Alford has failed to provide *any* evidence of an unconstitutional policy or practice promulgated by Haidle.

The official capacity allegations in Alford's amended complaint barely survived Defendants' motion to dismiss.[42] Now, at summary judgment, the record is devoid of competent evidence establishing any such policy, practice, or custom created or enforced by Haidle. Alford, in fact, appears to rely on the allegations in his amended complaint to establish a municipal liability claim against Haidle.[43] However, it is well settled that "[t]he non-moving party cannot rest on mere pleadings or allegations; rather it must point to actual evidence in the record on which a jury could decide an issue of fact its way."[44] Moreover, "[t]he court need

---

[41] *See Commonwealth v. Alford*, No. CP-45-CR-0000929-2020 (Pa. Ct. Com. Pl., Monroe Cnty.); Doc. 137-1 at 6, 11.

[42] *See* Doc. 87 at 11-13 & n. 65 (noting that the Court employed liberal construction of Alford's municipal liability claim due to his *pro se*, incarcerated status).

[43] *See* Doc. 150 ¶ 35 (rehashing that he stated a claim and made plausible allegations against Defendants); Doc. 149-1 at 8-9 (claiming, without citation to evidence and in conclusory fashion, that "Haidle is a decision maker" and MCCF has a "custom or practice" that violates the constitution by not acting on grievances). Alford filed an additional document entitled "Please Be Advised: Oppose Def. Summary Judgment" on May 25, 2023, (Doc. 154), but that document was filed well beyond the deadline for summary judgment briefing in this case. Accordingly, this filing will be stricken from the record. Even if the Court were to consider it, it deals with Rule 600 nominal bail issues, which—as explained below—are obviated by the Pennsylvania judiciary's suspension of Rule 600 during the pandemic.

[44] *El v. SEPTA*, 479 F.3d 232, 238 (3d Cir. 2007).

consider only the cited materials" when ruling on a motion for summary judgment.[45] No materials have been provided or cited by Alford that would establish an unconstitutional policy implemented by Haidle at MCCF related to untimely arraignments. To the extent that Alford attempts to rely on his own experience and prison grievance, no "policy" or "custom" is established by the handling of a single detainee's grievance regarding arraignment timing.

Furthermore, Alford has failed to properly contradict Defendants' statement of material facts, wherein they plainly assert that he "has not identified a policy of Monroe County that is constitutionally infirm."[46] Accordingly, summary judgment must be granted in Defendants' favor as to the official capacity claim against Haidle for the purported Rule 571(A) violation.

Alford's individual capacity claims against Armond, Baylor, and Haidle fail for similar reasons. While Alford may have plausibly pled a due process claim against these Defendants, his summary judgment response is woefully insufficient. At this stage in the litigation, he cannot rest on his allegations; rather, he "must point to actual evidence in the record on which a jury could decide an issue of fact [his] way."[47] Alford simply has not done so. The only evidence that he appears to

---

[45] FED. R. CIV. P. 56(c)(3).
[46] Doc. 137 ¶ 27. In paragraph 27 of his statement of facts, Alford states, "I seek compensatory and punitive damages for each day I did [sic] beyond 10 days after the information filed [sic] an[d] for each day I did [sic] over 180 days in pretrial incarceration." Doc. 150 ¶ 27.
[47] *El*, 479 F.3d at 238.

rely on is docket sheets showing the dates of the filing of his criminal information and his arraignment and the related state rules of criminal procedure.[48] But simply because Alford was not timely arraigned does not, in and of itself, create a genuine dispute of material fact as to whether the individual Defendants violated his due process rights. Alford must do much more at summary judgment to establish that *Defendants' conduct* violated his constitutional rights, not just that his arraignment was late. He has not provided or cited to any such evidence, and therefore Defendants' Rule 56 motion must be granted.

Additionally, Alford's individual capacity claims based on a purported violation of Rule 571(A) falter because they do not implicate wrongful or unjustified detention.[49] While his allegations regarding Rule 600(B)(1) may have done so,[50] he has not demonstrated how an untimely arraignment resulted in "unjustified detention" such that a Fourteenth Amendment violation was caused by Defendants' purported inaction.[51] After all, Pennsylvania law is clear that defects concerning an arraignment generally "do not constitute reversible due process error

---

[48] *See* Doc. 113-1; Doc. 113-2. These documents were attached as exhibits to Alford's prior, unsuccessful motion for summary judgment but were not included in his response to Defendants' Rule 56 motion.

[49] *See Montanez v. Thompson*, 603 F.3d 243, 252 (3d Cir. 2010) (setting forth elements for individual capacity wrongful detention claim in Eighth Amendment context).

[50] *See* PA. R. CRIM. P. 600(B)(1) ("Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of . . . 180 days from the date on which the complaint is filed.").

[51] *See Montanez*, 603 F.3d at 252 (citation omitted).

unless they prejudice the defendant's rights."[52] Alford has never alleged that his rights were prejudiced in his state criminal case by his late arraignment. And, as is evident from his criminal docket, Alford was afforded due process in his criminal prosecution, having received, among other procedural safeguards, a preliminary hearing, criminal information, formal arraignment, and jury trial.[53] Alford has not explained, much less supported with law or evidence, how an untimely arraignment resulted in unjustified detention such that he can maintain a due process claim against Defendants based on a violation of Rule 571(A).

In sum, Alford has not carried his burden to rebut Defendants' summary judgment motion regarding his Rule 571(A) claims. Summary judgment, therefore, must be granted in Defendants' favor on all remaining individual and official capacity claims concerning untimely arraignment.

### B. Alleged Rule 600 Violation

Alford's due process claim regarding the alleged Rule 600(B)(1) violation is more swiftly resolved. That is because the state-created liberty interest on which he bases his due process claim—Pennsylvania Rule of Criminal Procedure 600—was suspended during the entire length of his pretrial detention. Thus, he has not identified, and indeed cannot identify, a protected liberty interest that was allegedly

---

[52] *Commonwealth v. Leland*, 204 A.3d 461, 466 (Pa. Super. Ct. 2019) (citing *Garland v. Washington*, 232 U.S. 642 (1914)); *see also id.* at 465-68.
[53] *See id.* at 465-68.

infringed.

Alford claims, pursuant to Rule 600(B)(1), that his due process rights were violated by Defendants when he was not released on nominal bail after 180 days of pretrial detention. However, it is undisputed that, because of the COVID-19 pandemic, the President Judge of the Court of Common Pleas of Monroe County, with authorization from the Supreme Court of Pennsylvania, suspended Rule 600 from March 16, 2020, through June 30, 2021.[54] If a state-created rule of criminal procedure is the basis for the Fourteenth Amendment liberty interest,[55] as is the case here, and that rule is properly suspended (as is also the case here), no state-created liberty interest exists to be infringed. Consequently, there can be no Fourteenth Amendment due process violation.[56] Summary judgment, therefore, must be granted in Defendants' favor with respect to Alford's Rule 600(B)(1) claims, whether asserted against Defendants in their official or individual capacities.

Lastly, insofar as Alford may be attempting to argue at summary judgment that he is asserting a violation of the Sixth Amendment's speedy trial clause (rather than just a violation of Rule 600),[57] he cannot do so. This Court has already

---

[54] Doc. 137 ¶¶ 13-15; *see In re Gen Statewide Jud. Emergency*, 234 A.3d 408 (Pa. 2020).
[55] *See, e.g., Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1475 (9th Cir. 1992). The Court cites this case specifically because it is the primary case on which Alford relies for the instant Section 1983 litigation. *See* Doc. 87 at 9 n.45.
[56] *See Wilkinson*, 545 U.S. at 221.
[57] *See, e.g.*, Doc. 149-1 at 3-4, 7-8.

addressed (and thereby informed Alford of) the absence of any Sixth Amendment speedy trial claim in the amended complaint: "Alford also cursorily mentions the Sixth Amendment, but he fails to develop this claim at all. It is possible that [he] is attempting to implicate the speedy trial clause of the Sixth Amendment, but because Alford does not include plausible allegations of a speedy trial violation, the Court will not address such a claim."[58] Alford cannot amend his pleadings through a brief in opposition to a motion for summary judgment,[59] so there is no need to examine or discuss any Sixth Amendment speedy trial claim.[60]

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all remaining claims. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[58] Doc. 87 at 6 n.27.
[59] *See Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (nonprecedential).
[60] The Court does not reach the question of whether Section 1983 liability exists for a constitutional speedy trial violation, as such discussion is wholly unnecessary for resolution of the instant motion for summary judgment.